In the Matter of HENRY BURGE, Respondent. OCEANIC TRADING COMPANY, INC., Appellant, HARRY A. GOTTLIEB, Respondent.

First Department, June 19, 1953.

*Edward K. Hanlon* of counsel (*Milton Weiss* and *Edward L. Mertz* with him on the brief; *Beekman & Bogue,* attorneys), for appellant.

*Martin Evans* (*Edward J. Greenfield* with him on the brief), for respondents.

*Per Curiam.* Appellant, a foreign corporation doing no business in the State of New York, appeals from an order denying its motion to vacate an ex parte order appointing a "Special Receiver" of the assets of the corporation within the State of New York and authorizing and directing the receiver to take action to secure the assets of the corporation within the State.

It appears that there are no assets of the corporation in this State except a possible cause of action against certain controlling stockholders, alleged to be residents of this State, for waste and diversion of corporate funds. This alleged claim is thus the alleged asset and the only asset which the receiver could or was intended to receive. The alleged existence of the claim is both the foundation of the jurisdiction of the court and the appointment of the receiver and the assertion of the claim is the object of the proceeding. In short, the purpose of the receivership procured by a minority stockholder is the institution of what is in fact a minority stockholder's derivative action, which could not be instituted in this State because of the absence of the corporation.

The device is ingenious and if given judicial approval could open the door to the institution in our courts of all manner of litigation relating to the affairs of foreign and absent corporations — and this without requiring the minority stockholders instituting such litigation to comply with the security provisions of section 61-b of the General Corporation Law.

We think that it is neither the policy nor the requirement of our law that such actions be entertained. If minority stockholders would be remediless in the event of a sound basis for complaint, we might feel constrained in the protection of legitimate interests to extend the jurisdiction of the courts. This is not necessary, however, A stockholder can go to the State of corporate situs and have a receiver appointed upon proper showing, and such receiver would have authority to seek auxiliary aid in our courts. There is no reason, however, why we should countenance or encourage the institution of proceedings here in the first instance and thereby assume and exercise a jurisdiction over foreign corporations which have no *nexus* with this State.

The petitioner here points out certain practical difficulties, not amounting to legal inability, in the way of applying for and securing relief at the corporate domicile in Panama or Nassau. The purposeful remoteness of this corporation must have been apparent to this petitioner when he chose to become interested in the corporation. There are probably advantages as well as disadvantages of like quality in such an association. They do not constitute a reason, however, least of all a legal reason, to abandon ordinary requirements and create an anomolous procedure for the convenience of this petitioner. We are convinced that the assumption of such a jurisdiction would be unwarranted and unwise.

The order appealed from should be reversed and the motion to vacate the previous order appointing the special receiver should be granted.

PECK, P. J., GLENNON, CALLAHAN and BREITEL, JJ., concur; COHN, J., dissents and votes to affirm on the opinion of EDER, J., at Special Term.

Order reversed, with $20 costs and disbursements to the appellant, and the motion to vacate the previous order appointing the special receiver granted.