CITY OF FAIRBANKS, Alaska, a Municipal Corporation, Appellant,

v.

Entire ELECTRIC DISTRIBUTION SYSTEM IN ISLAND HOMES SUBDIVISION OF the CITY OF FAIRBANKS and Golden Valley Electric Association, Inc., Owners, Appellees.

No. 583.

Supreme Court of Alaska.

April 21, 1966.

Dallas L. Phillips, Fairbanks, for appellant.

George M. Yeager, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The City of Fairbanks brought this eminent domain action to condemn the complete electric distribution system located in that portion of the Island Homes Subdivision which had been annexed to the City of Fairbanks. The system was owned by the appellee, Golden Valley Electric Association, and had been mortgaged, along with all of the rest of Golden Valley's electrical distribution facilities, as security for a loan from the United States to Golden Valley, pursuant to the Rural Electrification Act of 1936.[1]

The trial court held that the United States was an indispensable party to this action, and dismissed appellant's complaint. Whether or not the court was correct in that holding is the sole issue that appellant raises on this appeal.

Civil Rule 72 deals with the subject of eminent domain. Subdivision (a) of that rule provides:

(a) *Applicability of Other Rules.* The procedure for the condemnation of property under the power of eminent domain shall be governed by these rules, except as otherwise provided in this rule.

Subdivision (c) (2) of Rule 72, which pertains to the complaint in a condemnation action, provides in part as follows:

Upon the commencement of the action, the plaintiff need join as defendants only the persons having or claiming an interest in the property whose names are then known, but prior to any hearing involving the compensation to be paid for a piece of property, the plaintiff *shall add as defendants all persons having or claiming an interest in that property* whose names can be ascertained by a reasonably diligent search of the records, considering the character and value of the property involved and the interests to be acquired, and also those whose names have otherwise been learned. All others may be made defendants under the designation "Unknown Owners". [Emphasis added.]

Civil Rule 19 deals with the compulsory joinder of parties. It recognizes the classes of proper, necessary and indispensable parties that were first developed in the equity courts.[2]

The trial court held that Civil Rule 72 (c) (2), rather than Civil Rule 19, was to be looked to in determining who is an indispensable party; that the requirement in Rule 72(c) (2) that "the plaintiff shall add as defendants all persons having or claiming an interest" in the property sought to be condemned makes such persons indispensable parties; and that since the United States, as mortgagee, had an interest in the property involved in this case, it was an indispensable party.

We agree with the trial court that the United States was an indispensable party. But we disagree with the court's reasoning in reaching that result.

Civil Rule 19, which deals with classes of proper, necessary and indispensable parties, is applicable in an eminent domain action, unless within the meaning of Rule 72(a) the subject of indispensable parties is "otherwise provided" for in Rule 72 (c) (2), so that it is apparent that Rule 19 has no application in a condemnation action. We find nothing in Rule 72(c) (2) which supersedes or conflicts with Rule 19 so far as it relates to indispensable parties. The requirement in Rule 72(c) (2) that "the plaintiff shall add as defendants all persons having or claiming an interest" in the property to be condemned does nothing more than make such persons necessary parties. At that point Rule 19(b) comes into play.[3]

---

1. Act of May 20, 1936, 49 Stat. 1363, 7 U.S.C.A. §§ 901–914 (1964).

2. State, Dept. of Highways, v. Crosby, Opinion No. 322, 410 P.2d 724 (Alaska 1966).

3. Civ.R. 19(b) provides:
   *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be made parties if complete relief is to be accorded between those already parties, have not been made par-

The question then to be determined under that rule is whether a particular person having or claiming an interest in the property sought to be condemned is one who is not indispensable but who ought to be made a party "if complete relief is to be accorded between those already parties", or is one who not only ought to be made a party but who is indispensable so that the action may not proceed to a conclusion unless such person is made a party.

◼ In our recent decision in State, Dept. of Highways, v. Crosby [4] we construed the concept of indispensability as contemplated by Rule 19. We stated:

An indispensable party is one whose interest in the controversy before the court is such that the court cannot render an equitable judgment without having jurisdiction over such party. The determination of indispensability or lack of it involves a discretionary balancing of interests. On the one hand, consideration must be given to the possibility of rendering a judgment that will have an adverse factual effect on the interests of persons not before the court, and to the danger of inconsistent decisions, the desire to avoid a multiplicity of actions, and a reluctance to enter a judgment that will not end the litigation. On the other hand, consideration must be given to the desirability of having some adjudication if at all possible rather than none, leaving the parties before the court without a remedy because of an "ideal desire to have all interested persons before the court." Courts exist for the determination of disputes, and they have an obligation in particular litigation to make meaningful determinations if at all possible. (Footnotes omitted.)

ties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action. If jurisdiction over them cannot be acquired except by their consent or voluntary appearance, the court in its discretion may proceed in the action without making them parties, but the judgment rendered therein does not affect the rights or liabilities of absent persons.

◼ Applying the test of indispensability as stated in the *Crosby* case, we believe that the United States is an indispensable party in this action. Golden Valley's electric distribution facilities were mortgaged as security for a loan from the United States pursuant to the Rural Electrification Act of 1936.[5] Under Section 7 of that Act,[6] Congress prohibited the borrower of any funds, without the approval of the administrator of the Rural Electrification Administration, to sell or dispose of its property, rights or franchise until any loan obtained from the Rural Electrification Administration had been repaid. Article II, Section 3 of the mortgage from Golden Valley to the United States prohibits the former from assigning, pledging, mortgaging or otherwise encumbering any of its property without the consent of the holder or holders of not less than a majority in principal amount of the notes at the time outstanding.

These provisions reflect the basic policy of the Rural Electrification Act, which was to provide electric energy to persons residing in rural areas who were not able to receive such services from utility companies serving cities and other populated communities. The service area of Golden Valley includes not only the densely populated area within a portion of and immediately adjacent to the City of Fairbanks, but also encompasses a vast but sparsely populated rural area away from the City of Fairbanks. Presumably the densely populated areas that Golden Valley serves are profitable, whereas the sparsely populated areas are not. The former would then serve to offset the latter. If Golden Valley is deprived of its facilities in the profitable areas, then the federal policy of

4. Opinion No. 322, 410 P.2d 724 (Alaska 1966).

5. Act of May 20, 1936, 49 Stat. 1363, 7 U.S.C.A. §§ 901–914 (1964).

6. 49 Stat. 1365 (1936), 7 U.S.C.A. § 907 (1964).

providing electrical services for rural areas might well be frustrated, because the service area left to Golden Valley after removing the cream of the consumers of electrical services would be uneconomic and not self sustaining.

In these circumstances we believe that the United States has an interest in this litigation that would be adversely affected by a judgment condemning the electric distribution facilities in the Island Homes Subdivision. It is an interest that would not be satisfied merely by repayment from the condemnation proceeds of the pro tanto portion of the money the United States has loaned to Golden Valley. The interest of the United States is not merely that of a money lender who expects repayment of its loan with interest. The interest of the United States is in seeing to it that Golden Valley is able to continue to provide electrical services at reasonable rates to the rural areas it has undertaken to serve. This it may not be able to do if the cream of its consumers of electrical energy in the densely populated areas is skimmed off by another utility, such as the City of Fairbanks.

■ We hold that the United States has an interest in this controversy which will be adversely affected by a judgment of condemnation of Golden Valley's electrical facilities in the Island Homes Subdivision, and therefore is an indispensable party to this action. The United States may not be joned as a party because it

may not be sued without its consent,[7] and it has not consented to be sued. Since jurisdiction over the United States cannot be acquired, the action is subject to dismissal; for any judgment rendered in the absence of an indispensable party would not be equitable.

Before the briefs were filed in this case, we denied appellees' motion to dismiss the appeal without a statement of reasons for our action. Discussion of this question was reserved until the writing of this opinion.

■ In their motion to dismiss appellees contended that the order from which the appeal was taken was not a "final judgment", within the meaning of Supreme Court Rule 6,[8] because the order dismissed the appellant's complaint, rather than the action. There are instances where an order dismissing a complaint, without dismissing the action, will not be appealable.[9] But that is not the situation here. The order dismissing appellant's complaint in condemnation put an end to the case because the United States could not be made a party to the action, and in the absence of the United States as a party, a judgment on the merits could not be rendered. After the complaint was dismissed, there was nothing that the appellant could do to further prosecute the action it had commenced. The order dismissing the complaint was a final judgment and appealable as such.

The judgment is affirmed.

7. United States v. Brosnan, 363 U.S. 237, 251, 80 S.Ct. 1108, 4 L.Ed.2d 1192, 1201 (1960); United States v. State of Alabama, 313 U.S. 274, 282, 61 S.Ct. 1011, 85 L.Ed. 1327, 1333 (1941); State of Minnesota v. United States, 305 U.S. 382, 387, 59 S.Ct. 292, 83 L.Ed. 235, 240 (1939); Public Util. Dist. No. 1 v. Inland Power & Light Co., 64 Wash.2d 122, 390 P.2d 690, 692–693 (1964).

8. Supreme Ct. R. 6 provides:
An appeal may be taken to this court from a final judgment entered by the

superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

9. Williams v. Peters, 233 F.2d 618, 619, 16 Alaska 303 (9th Cir.), cert. denied, 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81 (1956).