**CITY OF ANADARKO, OKLAHOMA, a Municipal Corporation, Plaintiff,**

**v.**

**CADDO ELECTRIC COOPERATIVE, a Cooperative Corporation, and the United States of America, acting By and Through the Rural Electrification Administration, Defendants.**

Civ. No. 65–470.

United States District Court
W. D. Oklahoma.
June 28, 1966.

Leon S. Hirsh, Paul Johanning, David Hudson, Oklahoma City, Okl., Chuck Goodwin, Anadarko, Okl., for plaintiff.

David A. Kline, Asst. U. S. Dist. Atty., Oklahoma City, Okl., Leslie Pain, Anadarko, Okl., for Caddo Elec.

## FINDINGS OF FACT

EUBANKS, District Judge.

The above entitled cause came on regularly for trial upon the motions to dismiss and answers of defendants raising the issue of the right of plaintiff to take the specific property herein involved by these proceedings, all parties appearing by their respective counsel of record.

Pursuant to stipulation of the parties, subject to objection by plaintiff as to admissibility of stipulations relating to Findings 11 through 14, inclusive, as immaterial to this issue, the objection having been overruled, the Court makes the following findings of fact:

1. Plaintiff is a municipal corporation organized and existing under the laws of the State of Oklahoma, owning a system for the furnishing of electric energy to its inhabitants which is operated by Anadarko Public Works Authority, a

public trust with plaintiff as beneficiary, under lease from plaintiff.

2. Defendant Caddo Electric Cooperative is a rural electric cooperative organized under the laws of the State of Oklahoma.

3. Plaintiff annexed to the City of Anadarko, Oklahoma, the tract of land on which the property involved in these proceedings is located, on June 15, 1965.

4. Defendant had constructed and installed and was operating the property involved in these proceedings to serve six of its members in the area so annexed by plaintiff with electric energy, at the date of such annexation.

5. On June 30, 1965, plaintiff adopted its Resolution determining necessity to acquire the properties involved in this action for its electric system.

6. Defendants have refused to negotiate with plaintiff for sale of the property involved in these proceedings to plaintiff.

7. All of the property belonging to defendant Caddo Electric Cooperative, including the specific property in these proceedings is mortgaged to defendant United States of America, acting by and through the Rural Electrification Administration under Title 7, U.S.C. Section 904.

8. The balance due upon the mortgage indebtedness from defendant Caddo Electrict Cooperative to the United States is approximately $5,400,000.00, besides other indebtedness incurred under Title 7, U.S.C., Section 905.

9. The mortgage indebtedness of defendant Caddo Electric Cooperative to the United States amounts to approximately 80% of its approximately $6,888,000 of total assets, less reserves for depreciation, of defendant Caddo Electric Cooperative.

10. Sale of the property involved in these proceedings has not been approved by the Administrator of the Rural Electrification Administration of the United States.

11. Defendant Caddo Electric Cooperative has 6 members on the .58 of a mile of electric distribution line involved herein, with a density of 10.2 members per mile in the area annexed by plaintiff, as compared to a density of 2.44 miles over its entire system having approximately 7900 members on its 3,225 miles.

12. Average monthly revenue per member to defendant Caddo Electric Cooperative from the property involved herein is $72.40 per member as compared to $12.16 per member over its entire system.

13. Average monthly revenue per mile to defendant Caddo Electric Cooperative from the property involved herein is $740.00 per mile as compared with $30.00 per mile over its entire system.

14. The amount remaining after deduction of all operating expenses from total revenue of defendant Caddo Electric Cooperative for the year ending April, 1966, is 99.65% of its debt payment requirement.

### CONCLUSIONS OF LAW

From the foregoing facts the Court concludes:

1. The United States may not be sued in state or federal courts without its consent. State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; 91 C.J.S. United States § 176, p. 399; 54 Am.Jur. 633, United States, Sec. 127.

2. A proceeding against property in which the United States has an interest is a suit against the United States to which the consent of the United States is necessary. State of Minnesota v. United States, above; United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; Maricopa County, Arizona v. Valley National Bank of Phoenix, 318 U.S. 357, 63 S.Ct. 587, 87 L.Ed. 834.

3. Consent of the United States to these proceedings can be obtained only through an act of Congress. State of Minnesota v. United States, above; 54 Am.Jur. 635, 640, United States, Sections 127, 132.

■ 4. The United States has not consented to these proceedings to take its interest in the property herein involved. Public Utilities District No. 1, etc. v. Inland Power and Light Company, 64 Wash.2d 122, 390 P.2d 690; City of Fairbanks v. Electric Distribution System (Alaska), 413 P.2d 165.

■ 5. In the absence of consent of the United States to such proceedings, plaintiff has no authority to take or condemn the interest of the United States, acting by and through the Rural Electrification Administration, in the property involved in these proceedings. State of Minnesota v. United States, above; Public Utilities District No. 1, etc. v. Inland Power and Light Company above; City of Fairbanks v. Electric Distribution System, above.

■ 6. By virtue of its mortgage on the property involved in these proceedings, and the policies expressed by the Congress of the United States, in the Rural Electrification Act (Title 7, United States Code, Sections 901 and following) the United States has such a substantial interest in the property herein involved which will be adversely affected by a judgment of condemnation, that the United States is an indispensable party to these proceedings. Public Utilities District No. 1, etc. v. Inland Power and Light Company, above; City of Fairbanks v. Electric Distribution System, above.

■ 7. The provisions of the Oklahoma statute, Title 18 O.S.1961, Section 437.2(k) cannot authorize taking of the property involved herein so long as the United States holds such interest through its mortgage, in the absence of consent of the United States to such proceedings. State of Minnesota v. United States, above; Public Utilities District No. 1, etc. v. Inland Power and Light Company, above; City of Fairbanks v. Electric Distribution System, above.

■ 8. Because jurisdiction over the United States, as an indispensable party to these proceedings, cannot be acquired without the consent of the United States, which has not been given, the complaint or petition of plaintiff herein must be dismissed.

It is, therefore, ordered, adjudged and decreed by the Court that this Court has no jurisdiction over the United States, acting by and through the Rural Electrification Administration, in these proceedings; that the United States, whose interest would be adversely affected by judgment in condemnation against defendant Caddo Electric Cooperative, is an indispensable party to these proceedings, without which these proceedings may not be maintained; and that the complaint or petition of plaintiff herein be and the same is hereby dismissed as to both defendants herein.