Obmand N. Gale, J.
The defendant above named has filed a demurrer to an indictment presented by the Grand Jury, charging him with the crime of criminally receiving stolen property in violation of subdivision 1 of section 1308 of the Penal Law of the State of New York, on several grounds. The only ground necessary for this court to determine is the contention that the indictment does not conform substantially to the requirements of section 275 of the Code of Criminal Procedure.
That portion of the code which is pertinent herein directs that “ The indictment must contain * * * A plain and concise statement of the act constituting the crime ”.
Section 1308 of the Penal Law defines what constitutes buying, receiving, concealing or withholding stolen or wrongfully acquired property and contains the addendum clause: “ is guilty of a misdemeanor if such property be of the value of not more than one hundred dollars; and is guilty of a felony if such property be of the value of more than one hundred dollars ’ ’.
The indictment charges the defendant with criminally receiving stolen property, in violation of this section in that “on or about the 2nd day of February, 1966, at the City of Syracuse in this County received certain property, to wit: ’ ’. Thereafter, the property is described but no value is indicated. It is the contention of the defendant that the failure of the Grand Jury to specifically show the value of the property allegedly criminally received is a fatal defect since the defendant is unable to judge whether he is being accused of a misdemeanor or of a felony, and that the failure of the indictment to specifically accuse the defendant in this respect is a failure to comply with section 275 of the Code of Criminal Procedure.
The indictment must notify the defendant of the charge against him; inform him of the nature and character of the crime charged against him, to the end that he may prepare his defense. (People v. Parson, 244 N. Y. 413.)
This court feels the defendant’s contention is well founded. The following language from Wharton’s Criminal Law and Procedure (vol. 4, § 1758, p. 548) is germane to the issue here presented: “In the absence of constitutional or statutory provisions imposing a stricter rule, the indictment or information must allege in clear, simple, and positive language all the essential ingredients of the offense with which the accused is charged, with such definiteness and reasonable certainty as fully to apprise the accused of the nature and cause of the accusation against him and enable him to prepare to meet it at his trial. ’ ’
As our Court of Appeals stated in People v. Grogan (260 N. Y. 138,142): “ The information must set out the acts eonsti *632 tuting the crime with the same clarity as an indictment; It must state the offense and the act constituting the offense. The information cannot be supplemented or pieced out by affidavits in the Magistrates’ Court.”
There is a paucity of authority dealing with this subject but the defendant has pointed out to the court the case of People v. Higbee (66 Barb. 131, 138) where the court stated: “ the defendant was indicted for obtaining from the complainant a silver watch by false pretenses. The value of the watch was not alleged. The only averment was that it was a valuable thing; and the court held that it was not necessary to allege that the property was of any particular value. A positive averment is only necessary, in those cases where value is an ingredient in the offense, as in grand and petit larceny.” (Italics the writer’s.)
The defendant argued upon the motion that upon approaching the voir dire the number of peremptory challenges would be unknown by reference to the crime charged in the indictment. We feel, and we so hold, that the failure to advise the defendant in an indictment of whether or not he is charged with a felony or a misdemeanor is a fatal defect. It is urged by the District Attorney that the value is a matter of proof to be shown at the trial. We disagree and feel, as the court stated in People v. Grogan (supra) that the indictment cannot be supplemented by proof any more than the information can be “ pieced out by affidavits in the Magistrates’ Court ”. This is a long-form indictment and we feel there is a failure to comply with section 275 of the Code of Criminal Procedure for the reasons indicated above. The demurrer should be allowed. The District Attorney is hereby granted permission to resubmit this case to the Grand Jury.