47630.   ASHBURN AIR SERVICE, INC. et al. v.
ASHBURN BANK.

STOLZ, Judge. The Ashburn Bank levied upon a Piper Cub airplane and a 1960 Ford truck to satisfy its judgment against Kermit M. Gentry. Thereafter, claims were filed by Gentry, as president of Ashburn Air Service, Inc., to the airplane and by his father, K. T. Gentry, to the truck. The cases were tried together, resulting in verdicts and judgments in favor of the plaintiff in fi. fa., from which judgments the claimants appeal. *Held:*

1. The judgment against the claimant air service was authorized by evidence to the following effect: In July or August prior to the levy on December 4, 1969, the president of the plaintiff in fi. fa. bank was informed that the airplane belonged to the defendant in fi. fa., Kermit M. Gentry. When levied on, the airplane was parked at the Ashburn Airport in Turner County, the facilities of which airport the defendant in fi. fa. leased. The defendant in fi. fa. and his wife, residents of Irwin County, owned all of the stock of the claimant, a purported Turner County corporation. The defendant in fi. fa. was not sure who the corporation's officers were, as was its purported vice president. The purported corporation's sole bank account was with the plaintiff in fi. fa., whose ledger cards indicated that the claimant was a proprietorship of the defendant in fi. fa. Although the 1,000 shares of the claimant's stock were paid for in cash at $1 per share, according to the defendant in fi. fa., and although $500 in paid-in capital is necessary for a corporation to commence business in this State, the claimant's sole bank account had a balance of only $89.17 only

6 months after the airplane in question had been acquired, and total deposits from its opening in 1966 until its closing on May 28, 1969, of only $204. At the time the claim was filed, the claimant was not engaged in any business activity, having been formally dissolved in 1969. The person from whom the claimant contends it acquired the airplane, admitted that he may have signed the purported bill of sale in blank, and the defendant in fi. fa. did not deny that this was done. The title into the purported corporation was not recorded until 18 months after the conveyance to the claimant. The Turner County ad valorem tax records showed returns for calendar years 1967 through 1969 (during which period the claimant ostensibly possessed the airplane) listing several Piper Cub airplanes as being owned by the defendant in fi. fa., with the address "c/o Ashburn Air Service, Ashburn, Georgia." The above authorized a finding that the claimant purported corporation, even if it ever was a legal entity, had ceased to be such prior to the filing of the claim.

2. The judgment against claimant K. T. Gentry was authorized by evidence to the following effect: The untitled (1960 model) truck formerly belonged to the defendant in fi. fa. and was bought by the claimant (defendant in fi. fa.'s father) at a judicial sale on March 30, 1968. Thereafter, the claimant, a farmer in Irwin County, used the truck very little. The truck was used by the defendant in fi. fa. and others on various occasions; was borrowed several times with the permission of the defendant in fi. fa.; was observed in use at the Ashburn Airport on several occasions after 1968, including its admitted use by the defendant in fi. fa. in his dusting operation for "a month or two" prior to the present (February 10, 1969) levy; and contained an airplane engine when it was levied on at the airport in Turner County, whose facilities the defendant in fi. fa. leased for the operation of his business. The claimant obtained a loan from the Citizens Bank of Ashburn with which to purchase the truck, the proceeds

of which loan were paid to the wife of the defendant in fi. fa., who gave the claimant, her father-in-law, a check drawn on the Citizens Bank of Ashburn with the amount and the payee spaces left blank. The claimant paid for the truck with this check, filling in the amount and the payee thereon after the sale. Although the loan from the Citizens Bank of Ashburn was outstanding at the time of the present levy and was secured by the truck, that bank, with knowledge of the levy for at least a year and a half, had interposed no objections or claims regarding the truck. The record is silent as to who was repaying the loan. Four days after the 1968 judicial sale, the defendant in fi. fa. purchased a license tag for the truck in Turner County, signing his name as its owner, although all that would have been necessary for the claimant to have been indicated as the owner, was for him to have executed the reverse side of the prebilled tag receipt in the presence of a notary public, whereupon the defendant in fi. fa. could have purchased the tag for the claimant by signing the claimant's name by the defendant in fi. fa.

The plaintiff in fi. fa. showed at least constructive possession of the truck in the defendant in fi. fa. at the time of the levy, whereupon the burden of proof was shifted from the plaintiff in fi. fa. to the claimant. *Martin v. Cowan,* 134 Ga. 477 (68 SE 69); *Stephens v. Southern Cotton Oil Co.,* 147 Ga. 410 (94 SE 245); *Veal v. Veal,* 192 Ga. 503 (15 SE2d 725); *Jones Motor Co. v. Finch Motor Co.,* 34 Ga. App. 399 (129 SE 915). The evidence introduced, together with inferences justified by evidence never offered, failed to show that the truck levied on was the property of the claimant, rather than of the defendant in fi. fa.

3. The admission in evidence of the bank ledgers of the claimant air service with the plaintiff in fi. fa. bank, was not error. The amounts, dates, character, and periodic balances of the deposits made in the account, acknowledged by the defendant in fi. fa. to have been the claim-

ant's sole bank account, were germane to the issues of the claimant's existence and continuance as a legal entity and the sufficiency of its capital to make the contended acquisition of the airplane in question. Such evidence was also admissible in rebuttal to the claimant's testimony regarding these issues.

4. The trial judge did not err in sustaining the objection of the plaintiff in fi. fa. bank to the introduction of evidence of the payment of attorney's fees by the claimant air service. Even if such evidence can be regarded as in rebuttal of testimony concerning the claimant's sole bank account, its exclusion was not reversible error, since the mere payment of attorney's fees would not establish the legal existence of the purported corporation. Even if such fees were paid from funds which did not pass through the bank account, moreover, the amount of the fees plus the total bank deposits did not total the minimum amount required under the law and the claimant's own charter in order to transact business.

5. Where counsel for the claimant air service and the defendant in fi. fa. had just obtained from the defendant in fi. fa. an affirmative answer to the question as to whether the latter had received, on or about the date of the purported incorporation, any statement for his (counsel's) services, it was not an expression of opinion on the part of the judge when he stated that "As I understand the last question has to do with whether or not *he* paid attorney's fees," rather than saying ". . . *it* paid, etc.," nor when he went on to explain his ruling as to the admissibility of rebuttal evidence. The judgments are not erroneous for any reason urged.

*Judgments affirmed. Bell, C. J., and Evans, J., concur.*
SUBMITTED NOVEMBER 6, 1972—DECIDED JANUARY 24, 1973.

*Floyd H. Wardlow, Jr.,* for appellants.
*Reinhardt, Whitley & Sims, Ernest J. Yates,* for appellee.