Bernard Dubin, J.
Defendant was indicted for perjury in the first degree, accused of having testified falsely before a Grand Jury that she had never gone out socially with one Joseph Hili, whose killing was then under investigation by the Grand Jury. The indictment alleges, inter alla, that if the defendant had testified truthfully “ regarding her relationship with the deceased, she could have established a possible motive, to wit: jealousy for the crime in that the defendants [sic] husband ralph romano was a target of the investigation ”.
Defendant moves to strike the above-quoted portion of the indictment on the ground that it is prejudicial and scandalous. She urges that if the prosecution follows its regular practice of reading the indictment to the trial jury, her character will be effectively attacked even before there is ‘ ‘ one syllable of evidence before the jury ’ ’.
An indictment is an accusatory instrument on behalf of the State (CPL 1.20) charging a person with the commission of a crime (CPL 200.10, 200.20) and must contain, among other things, a plain and concise factual statement, which without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject matter of the accusation (CPL 200.50, subd. 7). The purpose of an indictment is to, notify a defendant of the charge against him, so that he may prepare his defense. The setting forth of the particular acts constituting the crime is a fundamental and basic principle of justice and fair dealing, as well as a statutory requirement (People v. Vigliotti, 51 Misc 2d 630; People v. Colvin, 5 A D 2d 626).
A person is guilty of perjury in the first degree when he swears falsely and when his false testimony is material to the action, proceeding or matter in which it is made (Penal Law, § 210.15). Indeed, defendant in a prior motion to dismiss the indictment urged that the alleged false testimony was not material to the Grand Jury proceeding. The portion of the indictment which the defendant now seeks to strike spells out that the testimony given by the defendant was, in fact, false *384 and detrimental to establishing a possible motive for the killing of the deceased by defendant’s husband. To be sure, motive is not an element of the crime of murder, but it is a facet which may be considered in weighing the guilt or innocence of an accused or in the furtherance of an investigation which seeks to establish the identity of the killer. It cannot be said, as the defendant contends, that the possible motive of her husband is scandalous solely because it refers to the defendant’s alleged dating of the deceased.
Defendant points to no authority for the striking of a portion of the indictment. However, the defendant would have the court apply subdivision (b) of CPLR 3024 which provides that “ a party may move to strike scandalous and prejudicial matter unnecessarily inserted in a pleading” (emphasis supplied). Defendant’s reliance upon subdivision (b) of CPLR 3024 is misplaced even assuming, arguendo, that the section is applicable to an indictment. Scandalous or prejudicial matter cannot be stricken from a pleading unless irrelevant (3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3024.10).
The cases cited by the defendant point up that when there is. relevancy to the issue, allegations may not be stricken from a pleading solely on the ground that prejudice may result from the allegation. Plainly, the possible motive of defendant’s husband cannot be said to have been irrelevant to the investigation by the G-rand Jury of the killing of Joseph Hili.
The defendant’s further argument that a reading of the indictment containing the allegation objected to would prejudice the trial jury is without merit, for such argument can be urged with respect to the reading of an indictment in any prosecution. The court in the trial of this indictment, as well as in the trial of every other indictment, is enabled to amply protect the accused in its instructions to the jury as to the fact that an indictment is an accusatory instrument and is without probative force and carries with it no implication or suspicion of guilt and further that an indictment is not evidence or a substitute for evidence.
The motion is denied.