OPINION OF THE COURT
Donald J. Sullivan, J.
The defendant was charged in an indictment with three counts of perjury in the first degree (Penal Law, § 210.15). The accusations stem from his testimony on December 3, 1975 before an extraordinary special Grand Jury concerning his alleged arrangement of a usurious $5,000 loan from certain loansharks for and on behalf of Anthony Cresenti a reputed "narcotics violator”. It was claimed by the prosecutor that the defendant, a detective in the New York City Police Department, inter alia, falsely testified at the Grand Jury hearing *528 that he never participated in obtaining the usurious loan on behalf of Cresenti, nor did he ever have a discussion with loansharks concerning the said loan.
Prior to the actual trial, defendant orally moved to amend the indictment seeking to strike certain portions of the indictment and particularly the phrases "a narcotics violator” and "the narcotics violator” referred to in paragraphs 2, 4 and 8 in each of the three counts contending that it is highly prejudicial and inflammatory. Defendant requested that the descriptive phrase be stricken and replaced with the name "Anthony Cresenti”.
The People did not oppose the defendant’s application on the grounds that it was procedurally defective, impliedly joining in or consenting to defendant’s motion.
The specification in paragraph 2 of the first count, exemplary of the other challenged paragraphs of the three count indictment to which the "amendment” is addressed, reads as follows: "The Grand Jury has been conducting an investigation to determine whether the crimes of Bribe Receiving, Official Misconduct, Receiving Reward for Official Misconduct and Conspiracy to commit those crimes were committed in Bronx County. The Grand Jury specifically sought to determine whether the defendant, a detective in the New York City Police Department, had a corrupt relationship with a narcotics violator and whether he used his official position as a police officer in connection with a criminal transaction between the narcotics violator and certain loansharks.” (Emphasis supplied.)
In essence, the defendant has moved for the requested relief pursuant to CPL 200.70 contending that the reading of the indictment to the jury with its numerous references to the relationship between the defendant police officer and a "narcotics violator” was in effect a flag that the said defendant was a criminal before even one scintilla of evidence was presented to the jury. The court, on the merits, is in agreement with defendant’s arguments. Conceptually portraying such language in the framework of an indictment would serve no purpose other than to inflame and prejudice the jury, denying defendant his constitutional right to a fair and just trial. However, the court was faced with the procedural dilemma in that there is no authority in the CPL authorizing a defendant’s motion to amend an indictment, nor permitting the striking of a portion of an indictment.
*529 It is beyond cavil that there is no express authority for a defendant’s motion to amend an indictment under the amendatory statute (CPL 200.70). It is only the People, upon notice to the defendant, under certain specified instances and within certain limitations who may amend an indictment provided no prejudice to defendant and no change of theory of the original crime charged is involved.
Analyzing the factual pattern in its totality, the denial to the defendant of his application on its merits merely because of some procedural infirmity is repulsive to our sense of justice. We are involved in this case with the appraisal of the power of the court to maintain jurisdiction over a defendant’s motion to amend in the absence of explicit statutory authority. The court is of the opinion there are various alternatives that are available to the court justifying its determination of the application and the granting of the relief requested.
It is well established that procedural matters, both civil and criminal, may be regulated by the Legislature. Equally clear is the principle that "no legislative enactment can be permitted to deprive the citizen of any of his constitutional rights” (People v Glen, 173 NY 395, 400). The courts have exercised their power to set aside and quash indictments even in the absence of legislative grant when it appears to be founded upon a lack of evidence or involving illegal and incompetent testimony (People v Glen, supra, p 400). This power is based upon the inherent right and duty of the courts to protect the citizen in those circumstances involving a substantial invasion of his constitutional rights. It is a broad discretionary power established under the State Constitution that cannot be abrogated by the Legislature (NY Const, art VI, § 7; see People v Darling, 81 Misc 2d 487).
CPL 200.70 insofar as it relates to the regulation of procedural matters not involving a defendant’s constitutional rights must be obeyed. Beyond that, the subject statute and the progenitor of this law, section 293 of the former Code of Criminal Procedure, should not be construed to prevent a defendant from moving to eliminate prejudicial matter in an indictment involving a constitutional right, namely a fair trial. At common law an indictment could not be amended presumably to avoid impairment of the integrity of the Grand Jury (People v Van Every, 222 NY 74; Matter of Bain, 121 US 1). The purpose of the law-making bodies in enacting the amendatory statutes was to eliminate technical defenses by *530 the defendant not affecting the merits of the indictment, so as to sustain the validity of the indictment (People v Clark, 8 NY Crim Rep 169, 179).
It is axiomatic that the power of the Grand Jury evolves from the Constitution (NY Const, art I, § 6; US Const, 5th Arndt) and authority conferred by legislation (CPL 190.05 et seq.), the function and definition generally being derived from the former Code of Criminal Procedure (Code Crim Pro, § 223 et seq.; see Matter of Wood v Hughes, 11 AD2d 893, affd 9 NY2d 144). Beyond dispute a Grand Jury is not an appendage of the prosecution but an agent of the sovereign State of New York — a body of 23 individuals constituting an arm of the court (People ex rel. Van Der Beek v McCloskey, 18 AD2d 205; People v Woodruff, 26 AD2d 236; Matter of Greenleaf, 176 Misc 566). Historically, an indictment presented by a Grand Jury was referred to as the "first pleading” on the part of the People in the former law (Code Crim Pro, § 274). While the present Criminal Procedure Law has eliminated the "pleading” designation to an indictment, such former reference provides guidance to the understanding of the purpose of an indictment and the function of CPL 200.70 relating to amendment of the indictment.
In brief, an indictment should contain such specifications of the acts and description of the criminal offense and enable a defendant to adequately defend himself and bar further prosecution arising out of the same facts (People v Bogdanoff, 254 NY 16; People v Bruno, 43 NYS2d 942; see CPL 200.50). As expressed in People v Farson (244 NY 413, 417): "The indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case. (Code Crim. Pro. §§ 284, 285; People v. Williams, 243 N.Y. 162.)”
CPL 200.70 by title and substance is a procedural remedy seeking to provide orderly procedures to amend a party’s own pleadings. The indictment, in effect being the People’s pleading, should ordinarily and logically be the subject of an amendment by the People as long as no substantial rights of the defendant are infringed.
While such interpretation may account for the legislative *531 proscription in the current law against a defendant’s motion to amend, there appears to be no basis to impute any intent by the Legislature to curtail the trial court’s own inherent powers. This court recognizes the lack of any explicit power in the statutes relative to amending an indictment or striking prejudicial and superfluous material therefrom. But in the posture of this case, affecting as it does a constitutional right, the infirmity in the statutory scheme would leave the court powerless to render a binding decision on the merits in the absence of the exercise of the court’s inherent powers. The intent of the statute was to promote, not hinder, the ends of justice without depriving the defendant of any substantial right (People v Johnson, 104 NY 213). The inherent power of the court is that which is necessary for the proper and complete administration of justice, resident in all courts of superior jurisdiction and essential to their existence. (Matter of Burge [Oceanic Trading Co.], 203 Misc 677, revd on other grounds 282 App Div 219, affd 306 NY 811.) A Superior Court has basic supervisory authority to insure the defendant a fair trial envisioned by the Fifth and Fourteenth Amendments of the United States Constitution. (Matter of Association of Bar of City of N. Y., 222 App Div 580; 21 CJS, Courts, §§ 31, 86-88.) The original and general jurisdiction of the Supreme Court embraces all cases in law and equity (NY Const, art VI, § 7). As stated in Matter of Association of Bar of City of N. Y. (supra, p 587): " 'Every court has inherent power to do all things reasonably necessary for the administration of justice within the scope of its jurisdiction.’ ”
It is equally clear that the court has power upon motion of the defendant to dismiss an indictment under CPL article 210 on numerous grounds. (See, e.g., CPL 210.20, 210.35 [defective Grand Jury proceedings], 210.40 [in the interest of justice].) Inferentially, in appropriate circumstances, the greater power, that is, to dismiss, encompasses within it the lesser authority, that is, to amend or strike. In referring to the Supreme Court’s power to remove an accused juvenile offender to the Family Court in, the absence of specific statutory authority, the Court of Appeals in Matter of Vega v Bell (47 NY2d 543, 552) expressed this principle: "[T]he Legislature’s failure to explicitly grant such powers to the superior criminal courts was based on the belief of the Legislature that such a grant was * * * impliedly founded in the superior criminal courts’ authority to dismiss an indictment in the interests of justice *532 (see CPL 210.40). Surely the power to remove in the interests of justice, which is a much lesser relief than outright dismissal in the interests of justice, must be deemed to be included within the power to dismiss.”
It has been stated that indictments are merely accusations without probative value but nevertheless the keystone about which the trial revolves. A basic tenet of criminal law is the innocence of an indicted person. In turn this concept entitles a defendant to a fair trial emanating from such accusation free from irrelevant, immaterial and prejudicial details or language unnecessarily recited in the accusatory instrument. A balance must be struck between the value of averments in the indictment in connection with the crime or crimes charged and the danger of undue prejudice or harm to an accused. To permit a trial to be infected with prejudicial surplusage in an indictment unfettered by court intervention because of a procedural requirement would be exalting form ■ over substance.
Under the circumstances, as evident in the case at bar, the invocation of the inherent power of this court to redress the clear abridgment of the defendant’s constitutional right is required (People v Van Allen, 275 App Div 181; People v Glen, 173 NY 395, supra). Analyzing the procedural aspects of this case the court observes that there is no law, constitutional or otherwise, proscribing the power of the court on its own motion to permit the defendant’s application, nor any interdiction against the striking of a portion of the indictment. Moreover, in State civil proceedings a motion to strike by a defendant is permissible under CPLR 3024 (subd [b]) which provides that: "A party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading.” Further, in the Federal criminal jurisdiction the courts do have specific statutory power to strike surplusage from an indictment upon motion by defendant (Fed Rules Crim Pro, rule 7, subd [d] [US Code, tit 18, Appendix]; Dranow v United States, 307 F2d 545).
In a recent decision by the Supreme Court of the United States, in Gannett Co. v De Pasquale (443 US 368), the trial court was upheld in its closure of the Huntley hearing proceeding to the press. In holding that the Constitution itself did not give members of the press and public "an affirmative right of access to this pretrial proceeding” (p 394), the court stated: "To safeguard the due process rights of the accused, a trial *533 judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. [Citation.] And because of the Constitution’s pervasive concern for these due process rights, a trial judge may surely take protective measures even when they are not strictly and inescapably necessary.” (Gannett Co. v De Pasquale, supra, 378.) As recognized by our highest court the guarantee of a fair trial to an accused was its overriding concern.
By analogy the present case presents the court with a similar concern, i.e., a potential risk of unfairness because of the extraneous and inflammatory matter averred in the indictment. To ensure that such prejudicial matter is not brought before the jury is within the competence of the court to correct by removing or disregarding the prejudicial matter. The court is not unmindful of the lack of specific statutory authority in CPL 200.70 to amend an indictment upon application of a defendant and the relatively few cases interpreting that section (cf. People v Romano, 74 Misc 2d 382; People v Smith, 86 Misc 2d 1032). But the court is not persuaded that CPL 200.70 or any other statutory scheme in the CPL poses an absolute constraint upon the court to act in such a manner as to afford a defendant with a fair trial in accordance with his constitutionally protected privileges (People v Rivera, 39 NY2d 519).
Accordingly, for all the reasons stated the motion by defendant to strike the phrases "a narcotics violator” and "the narcotics violator” is granted. Further, in place thereof the name Anthony Cresenti is to be inserted in the appropriate places.