OPINION OF THE COURT
Michael L. Pesce, J.
On May 13,1983, defendant was arraigned on charges of possession of burglar’s tools, criminal mischief in the fourth degree, unauthorized use of a vehicle in the third degree and reduced charges of criminal possession of stolen property in the third degree. He now seeks to dismiss the charges on the ground that he has been denied his right to the speedy trial mandated by CPL 30.30 (subd 1, par [b]).
The People argue that while the original complainant, Susan Benincasa, did not sign a corroborating affidavit, a “new” complainant, Vincent Benincasa, did. The People request that this court allow an amendment to the complaint, pursuant to CPL 200.70, substituting Vincent Benincasa as the new complaining witness “as custodian for Susan Benincasa”, which appears to have been in their possession since May 16, 1983. It should be noted that neither the People’s voluntary disclosure form nor their answer to the defendant’s omnibus motion made mention of Vincent Benincasa.
CPL 200.70 (subd 1) allows an amendment of an indictment “[a]t any time before or during trial * * * when such * * * amendment does not change the theory * * * of the prosecution * * * or otherwise tend to prejudice the defendant on the merits.” It is the holding of this court that the *317 requested substitution of a new complaining witness changes the theory of the prosecution and prejudices the defendant by forcing a change in the preparation of his case.
CPL 200.70 (subd 2, par [b]) states that an indictment may not be amended for the purpose of curing a “[l]egal insufficiency of the factual allegations”. Thus an indictment may not be changed in a significant or substantive way. At common law, courts had no power to order an amendment to an indictment. (People v Van Every, 222 NY 74; People v Fiske, 194 Misc 62.) CPL 200.70 was enacted to allow purely technical changes, provided said changes do not deprive defendants of their rights. (People v Cirillo, 100 Misc 2d 527; see, also, People v Fiske, supra.) It is the opinion of this court that substituting a new complaining witness, of whom the defendant had no prior knowledge, after 165 days from arraignment,* is more than a “purely technical change” and cannot be allowed.
In addition to the above problems with the People’s attempt to amend the complaint, it is well-established case law that successive or superseding indictment do not toll or extend the speedy trial time allotted under CPL 30.30. (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351; see, generally, People v Douglas, NYLJ, Sept. 20, 1983, p 14, col 3 [Supreme Ct, Kings County, Egitto, J.].) The Court of Appeals in Lomax (supra) was clear in its position that “there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.” (People v Lomax, supra, at p 356.)
Thus, there can be only one date of commencement for a given set of criminal charges, and the continuity of the action remains intact despite subsequent amendments. Therefore, even if this court allowed the substitution of the complaining witness, a total of 165 days will still have elapsed from the commencement of the action on May 13, 1983, until the filing of the substituted corroborating affidavit. This period, too, is in excess of the 90-day statutory *318 limit, mandating dismissal in any event. (People v Colon, 59 NY2d 921.)
The fact that the People have had in their possession the affidavit of Vincent Benincasa since May 16, 1983, has no effect on this court’s decision. Since the People stressed the point in their papers, this court is constrained to note the less than diligent handling and preparation of this case by the District Attorney’s office. The filing of a supporting deposition is totally within the control of the prosecution. Any ruling by this court to allow such filing now would not only be contrary to established statutes and case law, but would also condone the People’s obvious failure in this case.
This court therefore finds that a total of 132 days elapsed from the date of arraignment until the filing by the defendant of this CPL 30.30 motion on September 22, 1983. During this period the People never converted the misdemeanor complaint into a jurisdictionally sufficient information by filing a supporting deposition. Not having done so, the People cannot be considered ready for trial as a matter of law. (People v Colon, supra.)
Accordingly, the defendant’s motion to dismiss is granted.

 The existence of this “new” complaining witness was first brought to the court’s attention in the People’s answer to the CPL 30.30 motion.