**Kenneth Wayne KELTNER, Fumiko Keltner and Stanley Blackketter, Appellants,**

v.

**Emmert CURTIS, Appellee.**

**No. S–162.**

Supreme Court of Alaska.

Feb. 22, 1985.

---

D. Randall Ensminger, Fairbanks, for appellants.

Charles D. Silvey, Schaible, Staley, DeLisio & Cook, Inc., Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

I.

In 1982 Emmert Curtis obtained a judgment of $116,514 against Kenneth Keltner.

Stanley Blackketter and Fumiko Keltner, [1] appellants, claim to own property that was levied upon by Curtis while attempting to collect this judgment. Blackketter filed third-party claims to an excavator and two generators and Fumiko Keltner filed a third-party claim to a Fruehauf tanker. Curtis moved for a determination of Kenneth Keltner's interest in this property. At the oral argument of this motion held August 31, 1983, an evidentiary hearing was scheduled for an unspecified time the following week, no earlier than Tuesday, September 6th. Counsel for appellants consented to this.

The evidentiary hearing was commenced on September 8, continued to September 14, 1983, and completed on that day. The court, on September 28, 1983, entered the following order:

The plaintiff having moved for an order recognizing the ownership interest of Kenneth Wayne Keltner in the following described property and the court, based upon the documents submitted and considering all of the contrary evidence, finds that (1) Kenneth Wayne Keltner has an ownership interest in the following described property: (a) Poclain Excavator serial no. 0789261; (b) Fruehauf Tanker serial No. FRD219301; and (c) 2 Army K.W. generators, Westinghouse #1162 and 1281 skid mounted; (2) that ownership interest may be sold at an execution sale following the terms of A.S. 09.35.140; and (3) Stan Blackketter does not have an ownership interest in the property in question;

IT IS ORDERED that an execution sale of the above described property may proceed and that a bill of sale recognizing the ownership interest of the property set forth above may issue.

Blackketter and Fumiko Keltner appeal from this order.[2]

1. Fumiko Keltner is the wife of Kenneth Keltner.

2. The property in question was sold, along with other items, to the highest bidder on November 1, 1983. It brought a total of $26,300, and the sale was confirmed by order on December 5, 1983.

## II.

■ The appellants' first argument is that AS 09.35.130 [3] is not a grant of authority to the court to determine title to property that is levied upon. This argument is correct because AS 09.35.130 only deals with the circumstances under which property levied upon may be retained after a claim of ownership or the right of possession by a third party. However, the argument is irrelevant to the question whether the court's order of September 28, 1983, is valid. The order was entered following an evidentiary hearing to determine Kenneth Keltner's ownership interest in the property in question. The court had inherent power to conduct such a hearing.[4]

## III.

■ Appellants claim that they were not given adequate notice of the hearing, claiming that "only thirty hours notice" was given. This contention is without merit for appellants agreed that an evidentiary hearing would be held during the week of September 5, not before September 6. Under the calendaring order the parties had an obligation to be ready for the hearing at any time during that week, except for September 5. The fact that appellants were told 30 hours before the hearing on the 8th that the hearing would begin was consistent with the calendaring order to which they had consented.

## IV.

■ Appellants next contend that they were entitled to a jury trial of their ownership claims. We agree that a party to a proceeding adjudicating ownership of personal property should be entitled to a jury trial.[5] However, in civil cases a party does not obtain a jury trial unless he makes an appropriate request.[6] Appellants' counsel,

3. AS 09.35.130 provides:

If property levied upon is claimed by a third person as the person's property by an affidavit of title to the property, or right to the possession of the property and the ground of the title or right, stating the value of the property, and delivered to the person making the levy, that person shall release the property. However, the plaintiff, on demand of the person, may give the person an undertaking executed by two sufficient sureties in a sum equal to double the value of the property levied upon. The undertaking shall be in favor of and shall indemnify the third person against loss, liability, damages, and costs, by reason of the taking or sale of the property by the person.

4. A court has inherent power to do that which is reasonably necessary for the administration of justice. *E.g., People v. Cirillo*, 100 Misc.2d 527, 419 N.Y.S.2d 820, 824 (S.Ct.N.Y.1979); *Patterson v. Pollock*, 84 Ohio App. 489, 84 N.E.2d 606, 611 (1948). We think that the final determination of the interests of third party claimants in levied property prior to the sale of that property is reasonably necessary to the fair administration of justice. After such a determination, buyers at the execution sale will be certain that the judgment debtor is the sole owner of the property, and thus will not be discouraged from bidding what they think is the full value of the property.

5. Article I, § 16 of the Alaska Constitution provides: "In civil cases where the amount in controversy exceeds two hundred and fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law."

At common law, actions at law were given the right to trial by jury, whereas actions in equity were tried by the chancellor. Thus, where equitable relief is sought, such as reformation, an injunction, or restitution, this court has disallowed the right to a trial by jury. *Alaska Northern Dev., Inc. v. Alyeska Pipeline Service Co.*, 666 P.2d 33, 40–41 (Alaska 1983); *State v. First Nat'l Bank*, 660 P.2d 406, 423–24 (Alaska 1982). But, where damages or other relief at law is sought this court has allowed a jury trial. *See Loomis Electronic Protection, Inc. v. Schaefer*, 549 P.2d 1341, 1344 (Alaska 1976).

In third party claim proceedings the relief that will be sought is in the nature of replevin, or damages arising out of conversion. Indeed, Fumiko Keltner and Blackketter in this case demanded return of the levied property. Such relief is legal, not equitable in nature. *Gindin v. Silver*, 430 Pa. 409, 243 A.2d 354, 356 (1968); *Greenberg v. Dunn*, 245 Md. 651, 227 A.2d 242, 247 (Md.App.1967). Thus, a third party claimant is entitled to a jury trial upon proper demand.

6. Civil Rule 38 provides in relevant part:

(b) Demand. Any party may demand a trial by jury of any issue triable by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand shall be made in a separate written

at the oral argument at which the evidentiary hearing was scheduled, stated the following concerning a jury trial:

> Counsel: I also am wondering whether the ultimate decision in this case maybe doesn't need to be made by a jury to find fact on whether or not the—who's got the most credible position.
>
> The Court: Well, I'm not going to rule on that at this time.

Appellants did not again raise the question of a jury trial until the conclusion of the evidentiary hearing.

■ We do not regard the inquiry made by counsel on August 31st as a request for jury trial. It was not definite and it was not in writing. It was no more than an unanswered inquiry. We conclude that appellants have waived their right to a jury trial because they failed to request one.

### V.

■ Appellants next claim that the court erred in determining that Keltner owned the various items of property in question. We note at the outset that the term "ownership interest" used in the order is ambiguous. The order does not specify whether Keltner was the sole owner or only an owner of a partial share in the property. However, in the context of this case the ambiguity is unimportant. With respect to the excavator and the two generators, the superior court decided that Blackketter had no interest in them. Thus, the only litigant having an interest in the property would have been Kenneth Keltner. As to the Fruehauf, the superior court did not discuss Fumiko Keltner's interest. Thus, there was no indication to prospective purchasers at the execution sale of what was being sold. However, since we reverse the court's finding that Kenneth Keltner had an interest in the Fruehauf, the ambiguity is unimportant.

Next we must address the question of burden of proof. Curtis contends that the burden of proof should rest with the appellants. Some third party claim statutes do, in fact, place the burden of proof on the claimant. *E.g.,* Cal. Code of Civ.Proc. § 720.360 (West Supp.1984). Others more commonly make the burden of proof dependent upon possession of the subject property; that is, if the levied property is in the possession of the judgment debtor, then the burden of proof is on the third party claimant, but if the third party claimant is in possession, then the judgment creditor bears the burden. *E.g.,* Ariz.Rev. Stat.Ann. § 12–1338 (1982); Tex.R.Civ. Proc. 730; *Ashburn Air Service, Inc. v. Ashburn Bank,* 127 Ga.App. 872, 195 S.E.2d 272, 274 (1973).

■ We hold that the most reasonable approach is the second: the burden of proving ownership to levied property will depend on possession. The party out of possession claiming ownership as against a defendant in possession is the party seeking a change in status quo, and as such should have the burden of proof.[7]

■ Blackketter and Fumiko Keltner were not in possession of the claimed property.[8] Kenneth Keltner had actual possession of the property at his mine in the summer of 1982. Later he stored all of the property with an agent. Thus, the burden was appellants' to prove by a preponderance of the evidence that they, and not Kenneth Keltner, owned the property.

■ In determining whether the court erred in deciding that Keltner owned the

---

document signed by the party making the demand or by his attorney.

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

**7.** E. Cleary, *McCormick on Evidence,* 786 (2d ed.1972):

The burdens of pleading and proof with regard to most facts have been and should be assigned to the plaintiff who generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion.

**8.** If they had been in possession, the question of ownership would have been triable under the rule governing garnishee proceedings, Civil Rule 89(*1*). No parallel to this rule exists as to claims of third parties not in possession.

property in question, the clearly erroneous standard expressed in Civil Rule 52(a) applies:

> Findings of fact will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

In applying this standard:

> It is not our appellate function to reweigh evidence which was adduced before the trial court or to substitute our own judgment for that of the trial court.... Further, it is well established that this court will only disturb trial court findings ... when we are left with a definite and firm conviction on the entire record that a mistake has been made, even though there may be evidence to support the finding.

*Martens v. Metzger*, 591 P.2d 541, 544 (Alaska 1979).

With respect to the excavator and the two generators claimed by Stanley Blackketter, we are unable to say that the court's determination was clearly erroneous. The evidence on both sides of the ownership question was hearsay which was neither objected to at the hearing nor complained of on appeal.[9] Curtis's evidence supported the court's conclusion that Kenneth Keltner was the owner of the excavator and the two generators. We do not have a definite and firm conviction that the court was mistaken in accepting it.

With respect to the Fruehauf tanker, we conclude that the court did err. In support of her claim, Fumiko Keltner introduced a copy of an Alaska Vehicle Registration slip which lists her as the sole owner of the tanker. Under AS 28.10.261,[10] this was a prima facie showing that Fumiko Keltner was the sole owner. The only evidence offered to rebut this showing was a statement that Kenneth Keltner used the tanker to haul fuel to his mine, stored it with an agent, and executed a power of attorney allowing another agent to sell and store it. We think that the superior court erred when it found that this evidence was sufficient to establish Kenneth Keltner's "ownership interest" in the tanker. None of this evidence is inconsistent with sole ownership of the tanker by Fumiko Keltner. Kenneth Keltner could well have used, stored, and attempted to sell it with the consent of his wife.

The decision of the superior court as to the excavator and the two generators therefore is AFFIRMED. The decision regarding the Fruehauf tanker is REVERSED, and REMANDED to the superior court for further proceedings.

---

9. Hearsay evidence is not excluded unless objected to at the time its admission is sought. E. Cleary, *McCormick on Evidence* § 52, at 113 (2d ed.1972).

10. AS 28.10.261 provides:
    (a) In a civil or criminal proceeding, when the title or right to possession of a vehicle is involved, the record of registration and certificates of title as they appear in the files and records of the department are prima facie evidence of the ownership or right to possession. Proof of ownership or right to possession of a vehicle shall be made by a copy of the record certified by the department or by an original certificate of registration or title issued by the department.
    (b) Lien information indicated upon the title shall be accepted as prima facie evidence of legal ownership and the filing of a lien.