**DENALI FEDERAL CREDIT UNION, formerly known as Alaska Railroad Federal Credit Union, Appellant,**

v.

**Susanne LANGE, Appellee.**

**No. S–6610.**

Supreme Court of Alaska.

Oct. 17, 1996.

Roy Longacre, Longacre & Associates, Anchorage, for Appellant.

Jill Dean, Law Office of Jill Dean, Anchorage, for Appellee Susanne Lange.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ.

### OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Denali Federal Credit Union (Denali) appeals the superior court's denial of its motion for a writ of execution. We reverse.

## II. FACTS AND PROCEEDINGS

In May 1985 Denali (formerly the Alaska Railroad Federal Credit Union) filed a civil action against William Lange, Lange's business partner Ted Hanson, and their partnership, Nugget Properties. Denali alleged the defendants were in default on loans totaling over $1 million.

In August 1985 William Lange conveyed his interest in four properties to his wife, Susanne Lange, for $10. She, in return, assumed personal responsibility for business debts of William Lange's unrelated to this action. There is evidence in the record that one of the four properties was worth $700,-000.

In November 1985 William Lange and Hanson signed a confession of judgment for $1,070,000, plus interest, in Denali's favor. Denali agreed not to seek entry of judgment if William Lange and Hanson met the payment schedule established by the parties' settlement. William Lange and Hanson failed to make the first payment under the settlement schedule. Denali moved for entry

of judgment. In February 1987 the superior court entered judgment against William Lange and Hanson for $1,187,700.

In 1991 Restaurants Northwest Inc. (RNI), a restaurant franchisee in which William Lange owned an interest, filed for bankruptcy. The bankruptcy proceeding focused in part on whether William Lange's 1985 transfer of property to his wife violated RNI's right of first refusal to one of the properties. In the context of that issue, the bankruptcy court stated:

> Maybe what the implication here is that [William Lange] was in severe financial trouble, and [Susanne Lange] just wanted to get everything in her name because it was better for them.... I think they were trying to hide this from their creditors, but what they really did was transfer it to Mrs. Lange. And it was a transfer for essentially no consideration. It wasn't a, quote, purchase in the real world. It was just a transfer for their various purposes, which were distinct. She thought she had an interest in it. Secondly, she wanted to protect her family. Thirdly, it apparently wasn't going to hurt Mr. Lange anyway 'cause [sic] he was about to lose it. And fourthly, the [RNI] document didn't prevent transfer, it only ... provided for a purchase.

In September 1993 Denali moved for a writ of execution on the 1987 judgment against two of the properties William Lange had conveyed to his wife. Denali alleged the conveyance was fraudulent. Susanne Lange moved for and was granted leave to intervene. She requested a jury trial on the question whether William Lange had any remaining interest in the properties.

The superior court denied Denali's motion without explanation or an evidentiary hearing. Denali appeals.

## III. *DISCUSSION*

### A. *Appellate Jurisdiction*

■ Susanne Lange argues that this court does not have jurisdiction to hear Denali's appeal because the superior court did not enter a final judgment. *See* Alaska R.App. P. 202(a) ("An appeal may be taken to the supreme court from a final judgment entered by the superior court...."). The finality rule "does not necessarily require the entry of a final judgment." *Borg–Warner Corp. v. Avco Corp.*, 850 P.2d 628, 635 (Alaska 1993). To determine finality, "the reviewing court should look to the substance and effect, rather than form, of the rendering court's judgment...." *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027, 1030–31 (Alaska 1972), *overruled on other grounds by City and Borough of Juneau v. Thibodeau*, 595 P.2d 626, 629 (Alaska 1979). A final, appealable "judgment" is one that, however denominated, "disposes of the entire case and ends the litigation on the merits." *Borg–Warner Corp.*, 850 P.2d at 634.

■ The superior court may have denied Denali's motion with the understanding that it could not be granted without first adjudicating the fraudulent conveyance issue. However, once the motion was denied, "there was nothing that [Denali] could do to further prosecute the action it had commenced." *City of Fairbanks v. Electric Distribution System*, 413 P.2d 165, 168 (Alaska 1966). The denial of Denali's motion therefore had the effect of disposing of the case and ending the litigation. *See Mallonee v. Grow*, 502 P.2d 432, 434 n. 2 (Alaska 1972) ("The effect of [denying a motion for a writ of execution] is that the plaintiff could not thereafter collect his judgment by execution."). The superior court's order "was a final judgment and appealable as such." *City of Fairbanks*, 413 P.2d at 168; *see Mallonee*, 502 P.2d at 435 ("Since the order was a final one terminating the proceeding, we regard it as a final judgment from which an appeal may be taken.").

### B. *The Fraudulent Conveyance Issue*

■ When a third party claims an interest in property against which a judgment creditor seeks to execute, the superior court must first determine the interests of the third party claimant. *See Keltner v. Curtis*, 695 P.2d 1076, 1079 n. 4 (Alaska 1985). After this determination is made, "buyers at the execution sale will be certain that the judgment debtor is the sole owner of the property, and thus will not be discouraged from

bidding what they think is the full value of the property." *Id.* In the present case Susanne Lange argued that she, and not judgment debtor William Lange, owned the property against which Denali sought to execute. In response, Denali raised genuine issues of material fact regarding whether William Lange's conveyance to Susanne Lange was fraudulent. *See Burgess v. Burgess,* 710 P.2d 417, 421 (Alaska 1985) ("[A] fraud is committed when one spouse, without consideration, transfers property to the other in order to place the property beyond the reach of creditors."). The fraudulent conveyance issue should have been resolved before the court ruled on Denali's motion. *Keltner,* 695 P.2d at 1079 n. 4.

Furthermore, resolution of the fraudulent conveyance issue should have been by jury trial, since that is what Susanne Lange demanded. *Cf. Keltner,* 695 P.2d at 1079 ("[A] party to a proceeding adjudicating ownership of personal property should be entitled to a jury trial."). A jury trial demand, once made, may not be withdrawn without the consent of the other parties to the action. Alaska R. Civ. P. 38(d); *see Hill v. Vetter,* 525 P.2d 529, 531 (Alaska 1974). On remand, absent such consent from Denali, the fraudulent conveyance issue must be tried by a jury.

## IV. *CONCLUSION*

The superior court's denial of Denali's motion for a writ of execution is REVERSED. This case is REMANDED for a jury trial on the issue of whether William Lange's conveyance to Susanne Lange was fraudulent.

REVERSED and REMANDED.

FABE, J., not participating.