*406 OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff’s motions for leave to reargue this court’s orders of October 3, 1979 denying his application for turnover orders pursuant to CPLR 5225 are granted, and upon reargument the court directs the turnovers applied for.
On October 25, 1976, Jones, Palermo and Landesman entered into a partnership agreement creating LJP Partners (LJP). LJP’s principal purpose was to lease certain property in West Virginia believed to contain coal.
In December, 1976, the three partners agreed that Jones, the plaintiff herein, would sell to Palermo and Landesman his interest in LPJ’s partnership for cash and other consideration.
The expectations of a successful leasing operation were apparently unfounded. Palermo and Landesman failed to pay Jones as agreed. On April 18, 1979, judgment was entered in this action in favor of Jones for $80,147.84 jointly and severally against his former associates. It is the enforcement of this judgment which is the subject of these motions.
In these companion motions plaintiff judgment creditor seeks to reargue the order of this court dated September 28, 1979 which denied his application for a turnover order pursuant to CPLR 5225 (subd [a]) directing a turnover from one judgment debtor of the property of his codefendant, rather than of his own property.
A partner’s individual interest in a partnership is his or her share of the profits and surplus (Partnership Law, § 52) and a judgment creditor of a person who is a partner in a partnership may attach such share as opposed to any specified property owned by the partnership. Where the property of a judgment debtor “consists of an interest in a partnership, any partner other than the judgment debtor, on behalf of the partnership, shall be the garnishee” (CPLR 5201, subd [c], par 3 [italics added]).
Here the judgment creditor has moved pursuant to CPLR 5225 (subd [a]) which provides that upon a motion by the judgment creditor, the court may direct the judgment *407 debtor to turn over such property as will satisfy the judgment and which is in the possession of that judgment debtor. The judgment debtors contend, however, that where, as here, the personal property in which the judgment debtor has an interest is in the possession of another person, the proper remedy is a special proceeding under CPLR 5225 (subd [b]). (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5225:5.)
The purpose of requiring a special proceeding under CPLR 5225 (subd [b]) is to bring the person (the garnishee) holding the property in which the judgment debtor allegedly has an interest within the in personam jurisdiction of the court. The provision safeguards the due process rights of the garnishee in the property (Matter of Ruvolo v Long Is. R. R. Co., 45 Misc 2d 136) before severing those rights and ordering the turn over of the property for eventual sale to satisfy the judgment (Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311).
In this case both garnishees (Palermo for Landesman’s partnership interest and Landesman for Palermo’s partnership interest) are already parties to the action; each is a judgment debtor in his own right and all the requirements and safeguards of due process were secured in the original action where the sale of the judgment creditor’s interest in the partnership, here at issue, was the basis of the action.
Notwithstanding the statutory language which speaks of special proceedings, it would appear that in any event this court has the inherent power and ability to “fashion whatever remedies are required for the resolution of justiciable disputes and the protection of the rights of citizens.” (Bankers Trust Co. v Braten, 101 Misc 2d 227, 235). Recognizing that in the enforcement of money judgments, innumerable situations would arise where such power would be invoked, the Legislature created in CPLR 5240 “a broad supervisory power in the judiciary to deny, limit, condition, regulate, extend, or modify the use of any enforcement procedure, The establishment of this statute was intended to prevent unreasonable annoyance and abuse in the use of the provisions of article 52 of the CPLR * * * (see Cook v H.R.H. Constr. Corp., 32 AD2d 806, 807).” (Roosevelt *408 Hardware v Green, 72 AD2d 261, 264; Tweedie Constr. Co. v Stoesser, 65 AD2d 657.)
In consequence, the institution of a special proceeding is unnecessary.
The judgment debtor’s assertion that because the partnership agreement contains the usual prohibition against assignment by a partner of his interest in the partnership without the written consent of all other partners, no execution against the interests of each partner may be had is plainly without merit. Such provision may not insulate the judgment debtors from enforcement of a valid judgment against them (see Partnership Law, § 54; CPLR 5201, 5225); nor can the interest of a judgment debtor in a partnership be claimed to be exempt (CPLR 5205, 5206). Moreover, the contention that the prohibition against assignment provision of the partnership agreement operates like a spendthrift trust, precluding transfers even by operation of law, is equally without merit, since the trust exemption provided for in CPLR 5205 (subd [c]) specifically excludes therefrom trusts created by the judgment debtor.
Accordingly, the motions for turnover orders are granted. Settle order with appropriate provision for execution of necessary documents by judgment debtors to effectuate turn over.