■ In the Matter of COREY T. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; LINDA T. et al., Respondents. — Order, Family Court, New York County, dated March 10, 1981, granting parents' application for return of child, unanimously reversed, on the law and the facts, without costs, and the application denied. Findings of fact inconsistent

herewith are reversed, and new findings made in accordance with this memorandum. This is a child protective (child abuse) proceeding under article 10 of the Family Court Act instituted on petition of the Commissioner of Social Services of the City of New York. The child having been temporarily removed from the physical custody of his parents, the parents applied under section 1028 of the Family Court Act for return of the child, and the Family Court granted the application. By order of this court, the Family Court's order has been stayed pending determination of this appeal. The child, aged two months, was brought to a hospital by his parents and found to be suffering with a bulging fontanel (the "soft spot" in the front part of an infant's head), and multiple seizures. An examination of the child revealed hemorrhages in the right and left parietal areas and the right occipital area, and bilateral subdural hematoma, which the only medical witness testified were compatible with multiple foci of brain contusion. X rays further revealed callus formulation in the ribs, fractures in the right femur and the tibia, and the left fibula. There was also evidence of injuries to the child's right ankle, right knee and right rib cage. These injuries posed a substantial risk of death to the child. The Family Court Judge properly described these injuries as "serious, horrible and near-fatal injuries." The hospital performed various tests and examinations which essentially ruled out nontraumatic causation of these injuries. The doctor said that these types of injuries are classically described in children who have sustained traumatic injuries to the ribs, knees and ankles. The doctor testified that in his opinion the injuries were caused by trauma, and that his testimony was given "with a great degree of certainty, I would say 95% in my mind." He stated that the injuries could have been caused by someone picking up the child by the chest, vigorously shaking the child and placing the child down on a flat surface causing the damage to the knees and ankle. The parents were unable to account for the injuries. Section 1046 of the Family Court Act provides: "(a) In any hearing under this article * * * (ii) proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible". Thus there was clearly prima facie evidence of child abuse and neglect. Nevertheless, in the light of the favorable impression made upon him by the parents, the Family Court Judge said that he could not find a substantial risk to life or health to the child if the child were returned, so he granted the parents' application. He said: "Would it not be for the extraordinary favorable impressions they have made in terms of their concern and genuine bewilderment as to why this befell them, the Court would not have made the determination that it did." The present application is an application with respect to the *temporary* location and care of the child. Whether or not this temporary application is granted a fact-finding hearing on the allegations of the commissioner's petition is scheduled to be held on May 29, 1981. In our view, on the present record, in view of the child's horrible injuries and the lack of any explanation of the cause for those injuries, the safer course is not to return the child to the parents, at least until the fact-finding hearing has been held and the facts further explored. In accordance with subdivision (b) of section 1028 of the Family Court Act, we find that on the present record, pending entry of a final order of disposition, temporary removal of the child from the custody of the parents is necessary to avoid an imminent risk to the child's life or health. Our findings and this decision relate solely to the question of the

parent's application for the return of the child prior to the fact-finding hearing and disposition. Nothing in this memorandum is to be taken as any indication of what determination should be made by the Family Court Judge on the fact-finding hearing which is now scheduled for May 29, 1981. Concur — Birns, J. P., Sandler, Silverman, Bloom and Fein, JJ.