March 24, 1994)

■ In the Matter of LOFT MANAGEMENT Co., Respondent, v JACOB GAVISH, Appellant, et al., Respondent. [609 NYS2d 10] — Resettled order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered on or about February 8, 1993, which, *inter alia,* ordered a sale of the undivided one-half interest of respondent-appellant Jacob Gavish in respondent Barak Development Associates, a dissolved partnership, and directed that the purchaser be assigned appellant's "[r]ights and [i]nterest in the [p]artnership", unanimously affirmed, with costs.

The resettled order cured any infringement of appellant's partnership rights during winding up under Partnership Law § 51 (2) (c) by directing the sale of appellant's undivided one-half interest in the partnership rather than the sale of the property itself. This accords with Partnership Law § 54 (1), which allows an individual creditor to attach the interest of a partner in a partnership *(see, Jones v Palermo,* 105 Misc 2d 405). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Tom, JJ.

■ In the Matter of ROBERT M. CROWLEY, Appellant, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents. [609 NYS2d 11] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about December 29, 1992, which denied petitioner's application for a line-of-duty injury designation, and dismissed the petition, unanimously affirmed, without costs.

A rational basis for finding that petitioner was not actually engaged in the performance of police duties at time of the accident (Administrative Code of City of NY § 12-127) exists by reason of the fact that the accident occurred after petitioner had been dismissed from his tour of duty. Deference is due to respondent's reading of the statute as excluding "portal to portal" travel time. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Tom, JJ.