■ In the Matter of DONNA CROCKETT, Appellant, v HOWARD SAFIR, as Police Commissioner of City of New York, et al., Respondents. [703 NYS2d 109] —Judgment, Supreme Court, New York County (William Davis, J.), entered May 27, 1999, which denied petitioner police officer's application to annul respondents' determination denying her a line-of-duty injury designation, and dismissed the petition, unanimously affirmed, without costs.

Petitioner, while on duty, was brushing her teeth in the ladies' room of a police building when a mirror dislodged and struck her, causing her injuries. Her application under Administrative Code of the City of New York § 12-127 for a line-of-duty designation entitling her to City payment of her hospital bills was denied on the ground that she was not actually employed in discharging the orders of a superior officer at the time of the accident, as required by the statute. We cannot say that this reading of the statute as excluding personal hygiene not undertaken at the behest of a superior officer is irrational (*see*, *Matter of Crowley v Brown*, 202 AD2d 328). If the statute were intended to provide benefits for any accidental injuries sustained while on duty, it would have said so, or at least used language similar to the "city-service" language used in Administrative Code § 13-252 governing accident disability retirement pensions (*see*, *Matter of Gasparino v Bratton*, 92 NY2d 836). Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.

■ Roz CHAPMAN, Respondent, v COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant, et al., Defendant. [702 NYS2d 819] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about October 14, 1999, denying defendant-appellant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's deposition testimony was sufficient to raise issues of fact as to whether defendant Columbia University had been negligent in its supervision of the party on its premises at which plaintiff sustained her injury and as to whether such negligence proximately caused plaintiff's harm. Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.