■ In the Matter of JEREMIAH L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MONIQUE J. et al., Appellants. (Proceeding No. 1.) In the Matter of KAHIEL L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MONIQUE J. et al., Appellants. (Proceeding No. 2.) [846 NYS2d 320]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother, Monique J., and the father, Jason L., appeal from an order of the Family Court, Queens County (Richroath, J.), dated November 29, 2006, which, after a hearing pursuant to Family Court Act § 1028, denied their application to return the subject children to their custody.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the application which was to return the child to the custody of the mother, and substituting therefor a provision granting that branch of the application; as so modified, the order is affirmed, without costs or disbursements, and the subject children shall be returned to the mother forthwith.

The petitioner did not meet its burden of establishing that the subject children should remain in its custody (*see* Family Ct Act § 1028; *Matter of Shevonne C.*, 292 AD2d 452 [2002]; *Matter of Marquel J.*, 269 AD2d 396 [2000]; *Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. v Angela D.*, 250 AD2d 845 [1998]; *Matter of Brunello G.*, 240 AD2d 744, 745 [1997]; *Matter of Kenneth L.*, 209 AD2d 352, 353 [1994]; *Matter of David J.*, 205 AD2d 881, 883 [1994]). The evidence adduced at the hearing did not establish an imminent risk to the life or health of the subject children (*see* Family Ct Act § 1028 [a]). The petitioner's caseworker testified at the hearing that the children were not in imminent danger and that there was no need for their removal. The caseworker testified that when observed, the mother's living conditions were "appropriate" and "neat and organized," that both children were clean and appropriately dressed and did not seem to have any mental health issues, and that their basic needs for food, shelter, and

clothing were being met. There was no evidence that either parent abused the children, abused alcohol or other substances, or engaged in any violent conduct toward each other. A case aide from the mother's residence testified that the mother attended five sessions of a parenting class offered at her residence and the instructors of the group believed the mother was "safe for her children." Under these circumstances, the Family Court improvidently exercised its discretion. Additionally, the Family Court failed to set forth any findings as to "whether reasonable efforts were made prior to the date of the hearing to prevent or eliminate the need for removal of the child[ren] from the home" (*see* Family Ct Act § 1028 [b]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.