■ In the Matter of MATTHEW W. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MEI QI B. et al., Respondents. (Proceeding No. 1.) In the Matter of JASON W. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MEI QI B. et al., Respondents. (Proceeding No. 2.) [2 NYS3d 611]—

Appeal from an order of the Family Court, Kings County (Daniel Turbow, J.), dated June 18, 2014. The order directed the Commissioner of the Administration for Children's Services, inter alia, to commence overnight parental visitation and, except for good cause, to thereafter temporarily release the subject children to the custody of the parents.

Ordered that the order is affirmed, without costs or disbursements.

The Commissioner of the Administration for Children's Services (hereinafter ACS) filed a petition, alleging that the parents abused their 10-month-old child, who had suffered a subdural hematoma while in their care, and that the parents derivatively abused their five-year-old child. The children were remanded to the custody of the Commissioner of ACS.

Reports of the foster care agency monitoring the case, which were submitted to the Family Court, indicated that the parents were compliant with the service plan designed for them. ACS did not object to the children having unsupervised parental visitation, but objected to overnight parental visitation prior to a fact-finding hearing on the cause of the injuries to the 10-month-old child.

The record supports the Family Court's determination that allowing overnight parental visitation did not pose an imminent risk of harm to the children (*see* Family Ct Act § 1028; *Matter of Alan C. [Thomas C.]*, 85 AD3d 912, 914 [2011]; *Matter of Jeremiah L.*, 45 AD3d 771 [2007]). The parents had addressed the need for greater vigilance in monitoring their children's activities, and were otherwise compliant with their service plan (*see Matter of Alyssa S.*, 296 AD2d 462, 463 [2002]; *Matter of Lashawn G.*, 161 AD2d 712 [1990]). ACS did not meet its burden of establishing that the subject children should remain in its custody (*cf. Matter of Serenity S. [Tyesha A.]*, 89 AD3d 737, 739 [2011]; *Matter of Jacob P.*, 37 AD3d 836 [2007]; *Matter of Corey T.*, 81 AD2d 785, 786 [1981]). Accordingly, pending the final determination of the petition, the Family Court properly directed ACS to commence overnight parental visits and thereafter, except for good cause, to temporarily release the subject children to the parents' custody (*see Matter of Alyssa S.*, 296 AD2d 462 [2002]; *Matter of Lashawn G.*, 161 AD2d 712 [1990]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.