Matter of Iven J.E. (Isaac E.) (2021 NY Slip Op 00309)





Matter of Iven J.E. (Isaac E.)


2021 NY Slip Op 00309


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2020-00730
 (Docket Nos. N-16631-19, N-16632-19, N-16633-19)

[*1]In the Matter of Iven J. E. (Anonymous). Administration for Children's Services, petitioner- respondent; Isaac E. (Anonymous), respondent, Yana J. (Anonymous), respondent-appellant. (Proceeding No. 1.)
In the Matter of Alexander J. E. (Anonymous). Administration for Children's Services, petitioner- respondent; Isaac E. (Anonymous), respondent, Yana J. (Anonymous), respondent-appellant. (Proceeding No. 2.)
In the Matter of Zeus J. E. (Anonymous). Administration for Children's Services, petitioner- respondent; Isaac E. (Anonymous), respondent, Yana J. (Anonymous), respondent-appellant. (Proceeding No. 3.)


Elliot Green, Brooklyn, NY, for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing and Julia Bedell of counsel), for petitioner-respondent.
Jacqueline Cabrera, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 7, 2020. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to the mother's custody is granted.
In August 2019, the petitioner commenced neglect proceedings against the mother and the father, in response to allegations that the father had slapped and choked the mother in the presence of their three young children. As a result of this domestic violence incident, the mother was directed to, among other things, cooperate with the petitioner in its supervision of the children and enforce a series of orders of protection issued against the father on behalf of the children and the [*2]mother. Upon the mother's alleged failure to do so, the children were removed from the mother's custody in November 2019. The mother then made an application pursuant to Family Court Act § 1028 for the return of the children. Following a hearing, the Family Court denied the mother's application. The mother appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that 'the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). "In making its determination, the court 'must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court 'must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d at 358). "On appeal, this Court must assess whether the record provides a sound and substantial basis to support the Family Court's determination" (Matter of Nicholas O. [Jenny F.], 185 AD3d 587, 588).
Here, the Family Court's determination denying the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody lacks a sound and substantial basis in the record (see Matter of Saad A. [Umda M.], 167 AD3d 596, 597). The circumstances of this case show that any concerns that the mother would be unable or unwilling to enforce the orders of protection as against the father or prevent him from entering her home did not amount to an imminent risk to the children's life or health that could not have been mitigated by reasonable efforts to avoid removal. The petitioner's witnesses testified that, throughout their investigation, they did not have any concerns regarding the safety or well-being of the children while in the mother's care. In addition, the petitioner offered to change the locks and place rail guards on the windows of the mother's home, but never did so.
We also disagree with the Family Court's finding that the mother failed to address or acknowledge the circumstances that led to the removal of the children (see Matter of Chloe W. [Tara W.], 165 AD3d 681, 682). While testimony shows that the mother was initially reluctant to cooperate with the petitioner's investigation or enforce the orders of protection against the father, after the children were removed from the home, the mother testified that she would do so. The mother also substantially complied with the petitioner's service plan (see Matter of Matthew W. [Mei Qi B.], 125 AD3d 677, 678), and her testimony showed that she understood the threat that the father posed to her, as well as the detrimental effect that observing domestic violence would have on her children.
Accordingly, the mother's application pursuant to Family Court Act § 1028 for the return of the children to the mother's custody should have been granted.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.

2020-00730 DECISION & ORDER ON MOTION
In the Matter of Iven J. E. (Anonymous).
Administration for Children's Services, petitioner-
respondent; Isaac E. (Anonymous), respondent,
Yana J. (Anonymous), respondent-appellant.
(Proceeding No. 1)
In the Matter of Alexander J. E. (Anonymous).
Administration for Children's Services, petitioner-
respondent; Isaac E. (Anonymous), respondent,
Yana J. (Anonymous), respondent-appellant.
(Proceeding No. 2)
In the Matter of Zeus J. E. (Anonymous).
Administration for Children's Services, petitioner-
respondent; Isaac E. (Anonymous), respondent,
Yana J. (Anonymous), respondent-appellant.
(Proceeding No. 3)
(Docket Nos. N-16631-19, N-16632-19, N-16633-19)

Motion by the respondent-appellant to strike certain material on pages 12 through 13 of the petitioner-respondent's brief on an appeal from an order of the Family Court, Queens County, dated January 7, 2020, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated October 19, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to strike certain material on pages 12 through 13 of the petitioner-respondent's brief on the ground that it refers to matter dehors the record is granted, and the portion of the petitioner-respondent's brief identified as section F of the "Statement of the Case" is deemed stricken and has not been considered in the determination of the appeal.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court