Matter of Rivera v Shea (2022 NY Slip Op 07209)

Matter of Rivera v Shea

2022 NY Slip Op 07209

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 157113/21 Appeal No. 16882 Case No. 2022-00387 

[*1]In the Matter of Carmen Rivera, Petitioner-Appellant,
v
Dermot F. Shea, etc., et al., Respondents-Respondents.

Seelig Law Offices, LLC, New York (Philip H. Seelig of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered January 12, 2022, denying the petition to annul a determination of respondent The Board of Trustees of the New York City Police Pension Fund, dated April 14, 2021, which denied petitioner's application for accidental disability retirement (ADR) benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
While en route to a special assignment at One Police Plaza, petitioner was struck by a chain link fence which pinned her to a concrete barrier. As a result, petitioner sustained injuries to her neck, head, upper, middle and lower back, right leg, right shoulder, right elbow, right wrist and hand. Respondent, the Board of Trustees rejected petitioners application for ADR benefits, finding that petitioner's injuries did not occur while she was in city-service.
The Board of Trustees determination that despite petitioner's receipt of "portal to portal" compensation under Article XX 2(a) of the Collective Bargaining Agreement between the Police Benevolent Association and the City, her injuries did not occur in the course of city-service (see Administrative Code of City of NY § 13-252), was rational and supported by credible evidence (see generally Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund , 90 NY2d 139, 145 [1997]). Deference is to be accorded the Board of Trustees' determination that portal to portal time is excluded from city-service under Administrative Code § 13-252 (see Matter of Crowley v Brown , 202 AD2d 328, 328 [1st Dept 1994]).
The record established that the Board of Trustees discussed and rejected a 2006 decision in which it had granted ADR benefits to another officer in a purportedly similar situation concluding thatit was not controlling and thatcases such as theseare nuanced and fact and situationally specific. The Board's refusal to award plaintiff ADR benefits as it did in the 2006 case was not arbitrary and capricious. It is unclear if the 2006 case was factually the same as petitioner's and, in any event, the Board of Trustees may correct a prior erroneous interpretation of the law where appropriate (see Matter of 
Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 518-519 [1985]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022