Lloyd C. ALLEN, Appellant,

v.

STATE of Alaska, DEPARTMENT OF
REVENUE, CHILD SUPPORT EN-
FORCEMENT DIVISION, Appellee.

No. S–9247.

Supreme Court of Alaska.

Dec. 15, 2000.

Lloyd C. Allen, pro se, Anchorage.

Rhonda F. Butterfield, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

### OPINION

BRYNER, Justice.

## I. INTRODUCTION

Lloyd Allen filed an appeal in superior court, seeking review of two decisions by the Child Support Enforcement Division (CSED). The superior court dismissed Allen's appeal as untimely. Allen appeals. Although CSED now acknowledges that Allen

did file his appeal within the time limit prescribed by Alaska Appellate Rule 602(a), it argues that the superior court's dismissal should stand because one of Allen's claims challenges an unreviewable CSED order and the other has been rendered moot by a subsequent intermediate appeal. We hold that the superior court erred in dismissing the appeal as untimely and reverse as to one of Allen's claims; as to the other, we hold that this error was harmless.

## II. FACTS AND PROCEEDINGS

Allen is the obligor parent under a 1988 superior court child support order. In October 1997 he informally requested CSED to seek a superior court order reducing his support obligation. Under 15 Alaska Administrative Code (AAC) 125.316 and .326, CSED has authority to seek judicial modification of a child support order if recalculation under the child support guidelines set out in Alaska Rule of Civil Procedure 90.3 would yield current payments that differ by more than fifteen percent from payments required under the existing order. In response to Allen's request, CSED sent Allen a form entitled "Petition for Modification of Judicial Support Order."

Allen submitted his completed petition to CSED on February 3, 1998. On February 11 CSED sent Allen and the child's mother notices acknowledging its receipt of the petition and explaining that any modification resulting from Allen's petition would apply retroactively as of "the 1st day of the month after the person who does not request the review *receives the Notice of Petition for Modification.*" The notice also stated that CSED would review Allen's proposed petition for modification on March 12, 1998.

CSED failed to complete its review until November 17, 1998. Meanwhile, Allen tried twice to spur the agency to action. First, he wrote to ascertain the status of his case. On August 5, 1998, CSED responded that its delay was attributable to a backlog of claims:

> Due to the volume of Reviews requested and scheduled, CSED is experiencing a

severe backlog in their accomplishment. Currently, CSED is working Modification Reviews scheduled for May of 1997. It will be several months before the review for this case will be worked.

Soon after receiving this response, Allen moved to compel CSED to review his petition. The superior court denied Allen's motion but noted that "Mr. Allen may move to compel again, if CSED does not review his obligation within 60 days" of September 14, 1998.

Two months passed without CSED action. Then, on November 17, 1998, CSED issued a form letter "Response to Request for Modification Review." The letter explained that Allen's review had been "Ceased/Denied" because his "Petition failed to make a showing of good cause and material change in circumstances sufficient to justify proceeding with the Review. (No 15% change in the amount.)" The letter concluded: "If you believe the decision is an error of fact, please explain in detail below and return this form to CSED."

Two days later, Allen wrote CSED that "[y]our decision to deny my Petition for Modification of Administrative/Judicial Child Support Order based on your finding that there is no 15% change in amounts of income is in error." CSED never responded to this letter. Allen waited four months. Then, on April 5, 1999, he filed a notice of appeal in superior court, seeking review of CSED's refusal to process and pursue his petition for modification.

In the same appeal, Allen also sought review of a separate CSED decision relating to Allen's child support arrears. On February 26, 1998, CSED had sent Allen notice that he was "delinquent in child support payments in the amount of $11,127.11" and that his "name and payment information [would] be reported ... to consumer reporting agencies."[1] On March 3, 1998, Allen wrote back, claiming that in 1995 the superior court had issued a ruling that created a payment plan for his arrearage; according to Allen, he had never

---

1. The letter explained that CSED would be acting as authorized by AS 25.27.273 and Former

15 AAC 125.155.

missed a required payment under this plan. Based on Allen's response, CSED took no immediate action on its threat to report his delinquent status; the matter appears to have lain dormant until Allen's April 5, 1999, notice of appeal to the superior court.

The superior court refused to consider either of the issues raised in Allen's appeal. Finding that the "appeal was filed outside the 30 day requirement," the court dismissed the appeal as untimely. Allen filed a motion to reconsider, which the court denied. Next, he filed a "Motion for Explicit Findings and Conclusions," which the court returned with this explanation:

> Rule 602(a)(2) applies—The original decision of 2/26/98 [sic] was not submitted and is assumed to have put Allen on notice of appeal rights—The appeal was filed late more than 30 day[s]. It is untimely and dismissed.

Finally, he filed a motion to reconsider these findings and conclusions. After the superior court denied this motion for reconsideration, Allen filed the present appeal.

Between Allen's notice of appeal and the filing of briefs, the parties took additional actions that bear on our decision. On July 22, 1999, CSED issued Allen a second notice of its intention to report his arrears to credit bureaus, which he appealed administratively. CSED denied the administrative appeal and notified Allen of his right to file an appeal to the superior court within thirty days of the agency's decision. Allen filed a timely appeal. By then, Allen's earlier superior court appeal had been dismissed, and his present appeal to this court had already been filed. His new superior court appeal was stayed pending our decision here.

## III. *DISCUSSION*

Alaska Appellate Rule 602(a)(2) requires appeals from administrative agencies to be filed "within 30 days from the date that the decision appealed from is mailed or otherwise distributed." But the rule further provides that this thirty-day period begins to run only when the agency provides clear notice that

its decision is final and that the claimant must appeal within the thirty-day limit:

> The 30–day period for taking an appeal does not begin to run until the agency has issued a decision that clearly states that it is a final decision and that the claimant has thirty days to appeal.[2]

Here, Allen filed his notice of appeal on April 5, 1999, which is 402 days after the agency's last decision regarding credit reporting and 145 days after it refused to seek modification of his child support order. If CSED's decisions were final agency actions, then they were ripe for appeal and were properly rejected unless the agency failed to give Allen notice of their finality.

CSED admits that it failed to notify Allen that its two decisions were final. But the agency claims that the order dismissing Allen's appeal should nonetheless be affirmed. As to Allen's attempt to challenge CSED's refusal to pursue his petition for modification, CSED contends that the refusal never ripened into an appealable final decision, because Allen did not need to act through CSED and could have filed a petition for modification directly with the superior court. As to Allen's request for review of CSED's initial notice of intent to report his delinquent payment status to collection agencies, CSED argues that the issue is moot; CSED claims that Allen's more recent appeal of CSED's second notice of intent to report his arrears covers the same issue, is still pending, and cures any procedural error arising from its failure to notify Allen of his appeal rights after the first decision. We consider these arguments in turn.

### A. *Refusal to Seek Modification Is an Appealable Action.*

CSED admits that the superior court was incorrect in refusing to hear Allen's modification appeal based on untimeliness. Instead, the agency contends that its letter refusing further action on Allen's request for modification did not "dispose[ ] of the entire case and end[ ] the litigation on the merits," and was therefore neither final nor appealable under our decision in *Denali Federal Credit*

---

**2.** Alaska R.App. P. 602(a)(2).

*Union v. Lange.*[3] CSED reasons that because Allen always had (and still has) the option of seeking modification of his child support order directly—by petitioning the superior court himself—an agency decision refusing to seek modification did not end litigation on the merits of this case.

■ This argument mistakes the substantive relief that Allen seeks for the pathway he chose to follow in seeking that relief. As we explained in *State, Department of Fish and Game, Sport Fish Division v. Meyer,* a final agency ruling that blocks access to an agency-sponsored process is an appealable decision, even when a claimant has the right to assert the same substantive claim independently in a direct superior court action.[4]

In *Meyer,* an employee of the Department of Fish and Game petitioned the State Commission for Human Rights to act against the department for employment discrimination.[5] After conducting an investigation and reinvestigation, the commission closed Meyer's case and notified her of her right to appeal to the superior court.[6] Meyer appealed to superior court, which reviewed the commission's ruling and issued an order remanding the case for further proceedings.[7] But the Department of Fish and Game petitioned for review of the superior court's remand order, arguing, as CSED does here, that the commission's decision to close Meyer's case was not a reviewable final order, because Meyer had the "ability to file a separate superior court discrimination claim."[8]

■ We rejected that argument, explaining that an administrative decision "is reviewable in superior court where there is no more time to submit evidence or alter the decision through administrative means."[9] In doing so, we recognized that there were significant differences between the administrative relief Meyer sought before the commission and the relief that she could receive through a direct discrimination claim in the superior court. Therefore, we upheld appellate review of the administrative decision, observing that the benefit of the commission's "aggressive mandate" and its arsenal of formal and informal methods for curing discrimination cannot be unreasonably or unlawfully withheld.[10]

■ Here, CSED's decision not to pursue modification of Allen's child support order parallels the human rights commission's decision not to pursue Meyer's discrimination claim. Although CSED characterizes its modification review as an unnecessary step along the way to an ultimate superior court decision on child support modification, the agency's refusal to sponsor a modification motion denies Allen benefits. This denial prejudices Allen in several ways. First, when CSED seeks modification, an attorney brings the motion. Representation might have helped Allen avoid procedural pitfalls.[11] Second, child support modification orders stemming from CSED modification petitions apply retroactively to the first day of the month after the non-requesting party received the petition for modification. In contrast, as CSED explained to Allen, a trial court might, but might not, permit Allen to use that date if he filed a direct superior court action on his own behalf.[12] Finally,

---

**3.** 924 P.2d 429, 431 (Alaska 1996) (quoting *Borg-Warner Corp. v. Avco Corp.,* 850 P.2d 628, 634 (Alaska 1993)).

**4.** 906 P.2d 1365 (Alaska 1995).

**5.** *See id.* at 1367.

**6.** *See id.* The commission's ultimate order concluded:

A person dissatisfied with a Commission Order dismissing the complaint may obtain judicial review by Superior Court in accordance with AS 44.62.560–44.62.570. An aggrieved person must file an appeal with the Superior Court within 30 days of the issuance of the Order of the Commission.

*Id.*

**7.** *See id.* at 1367–68.

**8.** *Id.* at 1370.

**9.** *Id.* at 1371 (citing *Ostman v. State, Commercial Fisheries Entry Comm'n,* 678 P.2d 1323, 1326–28 (Alaska 1984)).

**10.** *Id.* at 1372.

**11.** Allen has represented himself throughout these proceedings with little success.

**12.** In its letter notifying Allen that review of his case would take many months, CSED mentioned that he had the option to bring suit independent-

CSED tries to resolve modifications by consent order and would act as an intermediary between Allen and the child's mother. In contrast, if Allen sought modification in superior court, he and the child's mother would be in direct, personal conflict.

To the extent Allen lost these advantages when CSED refused to pursue his case, he was prejudiced by that decision and is entitled to appellate review.

 Our holding in this case is in harmony with our decisions in *Denali Federal Credit Union v. Lange*[13] and *Far North Sanitation, Inc. v. Alaska Public Utilities Commission*,[14] the cases cited by CSED to support its position. *Denali* addressed the finality of superior court review rather than administrative review. Nevertheless, our holding in *Denali*—that appellate review is available from adjudications that dispose of a case on its merits—applies here.[15] CSED's decision not to pursue modification of Allen's child support order was the agency's final disposition of that petition. CSED's attempt to characterize its decision as a mere intermediate step rather than a final disposition is unavailing. As we explained in *Meyer*, Allen's ability to seek substantive relief through a separate judicial process does not diminish his right to fair application of regulations that would lead CSED to bring a modification proceeding in his case. Thus, a decision ending the possibility of CSED sponsoring modification proceedings in court is the final disposition of an action seeking such sponsorship.

Unlike *Denali, Far North Sanitation* did review an administrative decision, but its holding does not support CSED's case. In *Far North Sanitation*, we held that an "interim order" was not a final, appealable order where the Alaska Public Utility Commission (APUC) allowed a sanitation company to submit additional information supporting collection rates after the APUC issued the interim order.[16] Thus, as seen through our decision in *Meyer*, the interim order left "time to submit evidence or alter the decision through administrative means."[17] But here, CSED points to nothing that Allen could have done to alter its decision not to pursue his proposed petition for modification.

In light of *Meyer*, we hold that CSED's decision not to seek modification of Allen's child support order was a final, reviewable agency action. Since CSED never gave Allen notice of the thirty-day window for appeal, the superior court should have accepted Allen's appeal as timely under Rule 602(a)(2).

██ We recognize, however, that an appeal seeking review of a CSED decision declining to take action on a proposed petition for modification often covers the same ground that a motion for modification filed directly in superior court would cover, albeit without CSED participation. In such cases, it is well within the superior court's discretion to treat an appeal as a direct action and to address the merits of the petitioner's underlying claim. On the other hand, in cases where the administrative appeal is driven by flawed or incomplete administrative procedure, or where CSED's experience and expertise would provide an advantage, the superior court should proceed with appellate review, correcting procedural and legal errors and remanding to CSED, as necessary, to take further action.

█ But we emphasize that, in either event, when a party appeals CSED's refusal to petition for modification of court-ordered child support, judicial economy and continuity of judicial process strongly favor a policy of assigning the appeal to the judge who

---

ly and suggested that if Allen filed his own motion, he "may wish to consider asking the Judge to honor the effective date of the Notice of Petition for Modification mailed to both parties in February of 1998. The effective date would be February 1, 1998. The judge may agree to use that effective date." Given this equivocal prediction that retroactive date would apply, it is not surprising Allen pursued CSED review.

**13.** 924 P.2d 429, 431 (Alaska 1996).

**14.** 825 P.2d 867, 869–70 (Alaska 1992) (quoting *Mukluk Freight Lines, Inc. v. Nabors Alaska Drilling, Inc.*, 516 P.2d 408, 411 (Alaska 1973)).

**15.** *See Lange*, 924 P.2d at 431.

**16.** *Far North Sanitation*, 825 P.2d at 870.

**17.** *State, Dep't of Fish & Game, Sport Fish Div. v. Meyer*, 906 P.2d 1365, 1371 (Alaska 1995).

issued the original support order. Routine assignment to the original judge will discourage litigants from attempting to misuse the appellate process for forum shopping. It will also ensure appellate review by a judge who knows the litigation's history and is capable of evaluating the appeal against the procedural backdrop of the existing domestic action.

### B. Allen's Credit Bureau Reporting Appeals

CSED failed to notify Allen that its February 26, 1998, decision to report his arrears to credit bureaus was final. Since the thirty-day clock for appeals of administrative decisions does not begin to run until an agency gives such notice, the court below erred by denying Allen's appeal as untimely.[18] Nevertheless, we see no reason to remand this aspect of the superior court's decision; another court has taken up Allen's appeal of this issue, rendering any error moot.

After the court below handed down its final decision refusing to hear Allen's case, CSED sent Allen a letter in response to his "request for an administrative review of [his] case." That letter was accompanied by the CSED "Consumer Reporting Administrative Review Decision" form, which denied Allen's administrative appeal. The last sentence of the form reads, "If you disagree with this decision, you will need to file an appeal within 30 days from the date of the Administrative Decision in an Alaskan Court as there is no further administrative [process]." Allen filed a timely appeal of the agency's second credit reporting decision, which is now stayed before another judge, pending our decision in this case.

Allen presents no persuasive reason why this second appeal cannot afford him the relief, if any, to which he is entitled. Thus, because Allen's substantive rights will not be affected by the superior court's error, we

18. Alaska R.App. P. 602(a).

19. *See* Alaska R. Civ. P. 61.

20. Allen's brief "seeks adjudication" of myriad other claims unrelated to the superior court's refusal to hear his appeal. Because Allen did not

deem the error in dismissing this aspect of Allen's appeal to be harmless.[19]

### IV. CONCLUSION

The decision of the court below dismissing Allen's appeal of CSED's refusal to pursue modification of his child support order is REVERSED and REMANDED.[20]

present those claims to the superior court and failed to argue them on appeal, he has waived them. *See State, Dep't of Revenue, Child Support Enforcement Div. ex rel. P.M. v. Mitchell,* 930 P.2d 1284, 1288 & n. 8 (Alaska 1997).