*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| REPUBLICAN GOVERNORS ASSOCIATION, A STRONGER ALASKA, and ERIM CANLIGIL and DAVE REXRODE, in their official capacities, | ) ) ) ) ) ) |
| | Supreme Court No. S-18991 |
| | Superior Court No. 3AN-23-04188 CI |
| Appellants, | O P I N I O N |
| v. | No. 7792 – October 10, 2025 |
| HEATHER HEBDON, in an official capacity as Executive Director of the Alaska Public Offices Commission, | |
| Appellee. | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Stacey C. Stone and Richard R. Moses, Holmes Weddle & Barcott, P.C., Anchorage, for Appellants. Mara E. Michaletz and Zoe A. Eisberg, Birch Horton Bittner & Cherot, Anchorage, for Appellee.

Before: Carney, Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, not participating.]

BORGHESAN, Justice.

## I.    INTRODUCTION

Months before an election, the Alaska Public Offices Commission received complaints alleging that political groups were violating campaign finance laws.  The Commission initiated expedited proceedings.  After an expedited hearing at which the groups' officials testified, the Commission declined to rule definitively as to whether violations had occurred.  The Commission remanded the matter to its staff to investigate the allegations more fully.  Commission staff then issued administrative subpoenas seeking documentary evidence from the groups.  But the groups refused to answer the subpoenas.

The Commission filed suit in superior court seeking judicial enforcement of its subpoenas.  The groups opposed, arguing that the subpoenas were duplicative in light of their officials' prior testimony, were contrary to the doctrine of res judicata, and violated their due process rights.  They also argued that the statute authorizing the expedited process used by the Commission was unconstitutional and unenforceable. The superior court rejected all these arguments and granted summary judgment to the Commission.  We affirm the superior court's ruling.

## II.   FACTS AND PROCEEDINGS

### A.    Statutory Framework

We begin by outlining the statutory scheme out of which this dispute arose.  The Commission is tasked with enforcing Alaska's campaign finance laws.[1] Among the laws relevant to this case are those requiring persons spending money on electoral speech to report their expenditures and requiring electoral communications to disclose certain information.[2]  The law does not limit the amount of money that may be

---

[1]    AS 15.13.020; AS 15.13.030.

[2]    AS 15.13.040; AS 15.13.090.

spent on so-called "independent expenditures" in support of an electoral campaign.[3] But to qualify as "independent," expenditures may not be coordinated with a candidate's campaign.[4]

Members of the public may file complaints alleging campaign finance violations with the Commission.[5] The Commission has discretion to expedite consideration of the complaint.[6] If it does, it must hold a hearing, giving the respondent an opportunity to be heard, within two days of its decision to expedite.[7]

The Commission must then issue a decision within one day of the hearing.[8] The Commission has three options. First, if it finds the respondent has or is about to commit a violation, it shall enter an emergency order enjoining or remedying the violation and assess civil penalties.[9] Second, if it finds that the respondent has not or is not about to commit a violation, it may dismiss the complaint.[10] Third, it may "remand the complaint to the executive director of the commission for consideration by the commission on a regular rather than an expedited basis."[11] If the Commission

---

[3] The freedom of speech clause of the First Amendment prohibits the government from restricting independent expenditures by corporations on political campaigns. *Citizens United v. FEC*, 558 U.S. 310 (2010).

[4] Alaska Statute 15.13.400(11) defines an "independent expenditure" as "an expenditure that is made without the direct or indirect consultation or cooperation with, or at the suggestion or the request of, or with the prior consent of" a candidate, the candidate's campaign treasurer or deputy treasurer, or the candidate's principal or agent.

[5] AS 15.13.380(b).

[6] AS 15.13.380(b), (c).

[7] AS 15.13.380(d).

[8] *Id.*

[9] AS 15.13.380(d)(1).

[10] AS 15.13.380(d)(2).

[11] AS 15.13.380(d)(3).

chooses the third option and remands, the statutes provide for a more deliberate administrative process.[12]

## B. Administrative Complaint 22-01-CD

In September 2022 a complaint was filed with the Commission alleging that a political group, A Stronger Alaska (ASA), had "engaged in a scheme to subsidize and coordinate the campaign activities" with officials running Governor Mike Dunleavy's reelection campaign.[13] The complaint alleged that coordination occurred through the use of common consultants and staff members, including Erim Canligil and Dave Rexrode,[14] in violation of AS 15.13.400.[15] Further, the complaint contended that ASA was a mere instrumentality for the Republican Governors Association (RGA), alleging that ASA was entirely funded by a single $3 million donation from RGA.[16]

After reviewing the complaint, the Commission concluded that there was "reasonable cause to believe that A Stronger Alaska ha[d] expended money that was not independent of the campaign." The Commission subsequently held an expedited hearing on the merits, hearing testimony from a political consultant who ran ASA's campaign activities in support of Dunleavy, among other witnesses. The Commission concluded that the complainants did not present any evidence to "further establish ongoing coordination." However, it remanded the matter to its staff for continued investigation on a regular, rather than expedited, basis.

---

[12]     AS 15.13.380(e).

[13]     Complaint 22-01-CD, ALASKA PUB. OFFS. COMM'N, at 2 (Sept. 6, 2022), https://aws.state.ak.us/ApocReports/Paper/Download.aspx?ID=24133.

[14]     Erim Canligil is the treasurer of ASA and chief financial officer of the Republican Governors Association (RGA). Dave Rexrode is the chair of ASA and executive director of RGA.

[15]     Complaint 22-01-CD, *supra* note 13, at 3-7, 9-11.

[16]     *Id.* at 3.

A few weeks later, upon motion by its staff, the Commission issued subpoenas requesting documents and communications from Canligil and Rexrode.[17] Both RGA and ASA objected to the subpoenas. The Commission denied these objections and ordered the parties to comply within a week. RGA and ASA responded that they would not produce materials or information responsive to the subpoenas.

## C. Administrative Complaint 22-04-CD

The second complaint was filed in October 2022.[18] The complaint alleged that RGA and ASA had committed a "litany" of potential violations, including filing a false year-end report with the Commission, failing to comply with disclosure requirements, and making communications with inadequate or inaccurate information.[19]

The Commission again held an expedited hearing on the complaint. It heard testimony from Rexrode and Canligil regarding their involvement in RGA and ASA. Once again, the Commission remanded the matter to its staff for further consideration. The Commission directed its staff to focus on specific topics in its investigation: whether Rexrode possessed the sole authority to make expenditures for ASA, whether other RGA employees had dominion or control over ASA's bank account, and whether RGA employees could stop or initiate spending from that account.

---

[17] The Commission also requested information pertaining to the Republican Governors Public Policy Committee (RGPPC), a suborganization of RGA. The Commission was concerned that collusion had occurred between RGA, ASA, and Dunleavy's chief of staff while at RGPPC events. RGPPC moved to quash the requests, contending in part that the materials sought would violate its members' First Amendment right to freedom of association. The superior court substantially narrowed the scope of the subpoenas on this ground. This ruling has not been appealed.

[18] Complaint 22-04-CD, ALASKA PUB. OFFS. COMM'N (Oct. 17, 2022), https://aws.state.ak.us/ApocReports/Paper/Download.aspx?ID=24211.

[19] *Id.* at 7.

The Commission staff subsequently sent RGA and ASA requests for information and production of documents.

RGA and ASA objected to the requests, arguing that the requests were barred by the doctrine of res judicata, violated their due process rights, were duplicative, and had been waived. Again upon motion by its staff, the Commission issued subpoenas for the information.

RGA and ASA objected to the subpoenas. The Commission issued a final order denying RGA and ASA's objections and ordering them to "fully comply with the subpoenas within one week of [the] order." But RGA and ASA again stated that they would not produce materials or information responsive to the subpoenas.

### D.    Court Proceedings

In January 2023 the Commission — by and through its executive director, Heather Hebdon — filed a complaint in superior court against RGA, ASA, Canligil, and Rexrode (collectively, RGA), seeking judicial enforcement of the subpoenas associated with Complaint 22-01-CD. The Commission later amended the complaint to seek judicial enforcement of the subpoenas associated with Complaint 22-04-CD. Both the Commission and RGA moved for summary judgment on the enforceability of the subpoenas.

The superior court granted the Commission's summary judgment motion and denied RGA's motion. The court first rejected RGA's argument that the Commission already possessed the information in documents requested by subpoena because it had access to the officials' hearing testimony. The superior court dryly noted that by RGA's logic, "a subpoena for bank records in an investigation could be voided because a suspect testified that he did not launder money." The court ruled that RGA's res judicata defense failed because the Commission had not issued a final judgment on the merits. The court explained that although the Commission had the opportunity to make a final decision after the expedited hearing, it had instead lawfully opted to remand for additional proceedings. The court also rejected RGA's arguments that the

subpoenas violated its due process rights and that the statutory procedure used by the Commission was unconstitutional.

RGA appeals.

## III. STANDARD OF REVIEW

"We review the grant of a summary judgment motion de novo, affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law."[20] In conducting this review, "we draw all reasonable inferences in favor of the non-moving party."[21]

## IV. DISCUSSION

### A. The Commission's Subpoenas Did Not Seek Information That Was Already In Its Custody And Control.

RGA argues that it had no duty to comply with the Commission's subpoenas because it had "fully complied with the subpoenas prior to their issuance." RGA posits that because the Commission heard "extensive testimony" from Canligil, Rexrode, and a political consultant for ASA about the information sought, the subpoenas sought duplicative information and were therefore "oppressive."[22]

We disagree. Although the subpoenas were targeted at the same lines of inquiry and information addressed in the hearing, they sought documents in RGA's possession that could substantiate RGA's assertions, such as bank records, phone records, text messages, and social media messaging. As the superior court pointedly observed, witness testimony does not obviate the relevance of or need for documentary

---

[20] *United Servs. Auto. Ass'n v. Neary*, 307 P.3d 907, 910 (Alaska 2013) (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008)).

[21] *Id.*

[22] *See* Alaska R. Civ. P. 45(b) (permitting court to modify or void judicial subpoena if it is "unreasonable or oppressive"); Alaska R. Civ. P. 45(g) (authorizing court to enforce subpoena issued by administrative agency with subpoena authority).

evidence that can prove or disprove the truth of the testimony. RGA does not cite any legal authority to support its assertion that prior testimony renders a subsequent request to produce documents unreasonable or oppressive.

RGA largely does not contend that the Commission possessed the actual documents and materials requested. It appears that the Commission possessed just some of ASA's bank records from the requested time frame, since those records were introduced as exhibits at the hearing. But RGA declined to produce any additional materials or information responsive to the subpoenas. It also declined to produce any additional documents in response to the requests issued pertaining to Complaint 22-04-CD, again arguing that the hearing testimony was sufficient.

Prior testimony does not satisfy requests for documentary evidence. And the prior testimony in these matters did not address much of the information the Commission sought in the subpoenas.[23] We see no error in the superior court's decision to enforce the Commission's subpoenas.

## B. The Subpoenas Did Not Violate The Doctrine Of Res Judicata.

The doctrine of res judicata "provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same

---

[23] There was little testimony regarding who was involved in deciding that ASA should be created or the process by which that decision was made. There was no testimony regarding whether ASA requested a contribution from RGA.

There was also limited testimony as to the process by which RGA decided to make the $3 million transfer and which RGA employees also worked for ASA. RGA did not identify whether any of its employees had the authority to terminate Rexrode's employment with RGA if he "went rogue" with RGA's contribution. And there was little testimony identifying the individuals who possessed the authority to transfer funds from RGA's bank account.

parties (or their privies) about the same cause of action."[24]  A final judgment on the merits is similarly required for an agency determination to have the same preclusive effect.[25]

The core question in determining when an agency action is final is "whether the agency has completed its decisionmaking process[] and whether the result of that process is one that will directly affect the parties."[26]  "[A]n administrative decision 'is reviewable in superior court where there is no more time to submit evidence or alter the decision through administrative means.' "[27]  Relevant here, we have held that the Commission's decision to investigate a complaint is not a "final decision of an administrative agency" and therefore not subject to appeal.[28]

Although the expedited process invoked by the Commission here might have yielded a final decision, the Commission was not required to issue one, and in fact it did not.  As explained earlier, the Commission, upon granting expedited review, must take one of three actions after the hearing:  (1) enter an emergency order requiring the violation to be ceased or to be remedied; (2) enter an emergency order dismissing the

---

[24]  *Sykes v. Lawless*, 474 P.3d 636, 642 (Alaska 2020) (quoting *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997)).

[25]  *Matanuska Elec. Ass'n v. Chugach Elec. Ass'n.*, 152 P.3d 460, 466 (Alaska 2007) (discussing RESTATEMENT (SECOND) OF JUDGMENTS, § 83(1) (A.L.I. 1982)).

[26]  *Huit v. Ashwater Burns, Inc.*, 372 P.3d 904, 914 (Alaska 2016) (alteration in original) (quoting *Crawford & Co. v. Baker-Withrow*, 81 P.3d 982, 985 (Alaska 2003)).

[27]  *Allen v. State, Dep't of Revenue, Child Support Enf't Div.*, 15 P.3d 743, 747 (Alaska 2000) (quoting *State, Dep't of Fish & Game, Sport Fish Div. v. Meyer*, 906 P.2d 1365, 1371 (Alaska 1995)).

[28]  *Eberhart v. Alaska Pub. Offs. Comm'n*, 426 P.3d 890, 893, 899 (Alaska 2018) (quoting Alaska R. App. P. 601(b), which provides that "appeal may be taken . . . from a final decision of an administrative agency").

complaint; or (3) remand the complaint to the executive director of the Commission for consideration by the Commission on a regular rather than an expedited basis.[29]

The Commission chose the last option in both cases. RGA argues that because the expedited process authorizes the Commission to issue civil penalties after an expedited hearing, its decision is final.

But it does not follow that if the Commission declines to impose civil penalties and instead seeks further investigation, such a decision is final too. Here the Commission did not impose any penalties on RGA at the conclusion of the expedited hearings. Instead, at the conclusion of both expedited hearings, the Commission ordered further investigation by its staff. The order issued in Case No. 22-01-CD stated that there was no evidence of *ongoing* campaign coordination, which justified the Commission's decision not to make an expedited ruling, but did not conclude that illegal coordination never took place. Similarly, in the order issued in Case No. 22-04-CD, the Commission declined to find a violation "on an expedited basis." But the Commission stated that there remained the question of whether Rexrode's efforts to establish an independent expenditure group under Alaska law were legally sufficient. Consequently, the Commission did not fully dispose of the complaints before it.

Because the expedited proceedings did not culminate in final decisions, but rather led to further proceedings on a "regular" basis, the post-hearing subpoenas did not violate the doctrine of res judicata.

## C. Issuing Subpoenas After The Expedited Hearing Did Not Violate Substantive Due Process.

RGA argues that Hebdon's attempt to continue the investigation and "re-litigate the same matters" alleged in the complaints is so unfair and arbitrary that it violated RGA's right to substantive due process. We are not persuaded.

---

[29]     AS 15.13.380(d).

"Substantive due process is denied when a legislative enactment has no *reasonable relationship* to a legitimate government purpose."[30]  An asserted denial of due process "is to be tested by an appraisal of the totality of facts in a given case."[31]

The expedited procedure authorized by AS 15.13.380(d) has a reasonable basis given the need to timely enforce campaign finance laws.  Expedited proceedings are intended to address cases where "the alleged violation, if not immediately restrained, could materially affect the outcome of an election or other impending event" and "cause irreparable harm that penalties could not adequately remedy."[32]  But if violations are not presently occurring or imminent, the statute gives the Commission the option of investigating the allegations at a regular pace.[33]

This structure gives the Commission the flexibility to move fast when necessary and to conserve resources and act more deliberately when possible.  Allowing a matter that is initially expedited to be remanded for further investigation is not akin to double jeopardy, nor does it shock the universal sense of justice, as RGA suggests. The subpoenas did not violate RGA's right to substantive due process.

D.    **The Statutory Framework For Expedited Proceedings Is Not Unenforceable Due To Absurdity.**

RGA's final argument is somewhat hard to discern.  It appears to argue that the Commission both conclusively resolved the complaint and remanded for further proceedings.  It then suggests that, if this statute is interpreted to allow this outcome, it

---

[30]    *In re Hospitalization of Mabel B.*, 485 P.3d 1018, 1024 (Alaska 2021) (emphasis in original) (quoting *Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974)).

[31]    *Id.* at 1026 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).

[32]    AS 15.13.380(c).

[33]    AS 15.13.380(d)-(e).

is unconstitutional due to absurd results. RGA appears to argue that it is absurd to allow the agency to fail to prove its case and then take another bite at the apple.

RGA's argument rests on a mistaken view of the Commission's ruling. The Commission did not conclusively find that no violations occurred. Its remand for regular proceedings is comparable to a court holding a trial after denying a motion for preliminary injunction — a routine process, and far from absurd.

Recall that AS 15.13.380, the expedited process invoked by the Commission, authorizes three courses of action: (1) if the Commission finds a violation has occurred or is occurring, it shall enjoin or remedy the violation and impose a penalty; (2) if the Commission finds "the respondent has not or is not about to engage" in a violation, it shall dismiss the complaint; or (3) the Commission may remand the complaint for consideration on a regular basis.

The Commission did not take incompatible actions, as RGA suggests. In Case No. 22-01-CD the Commission found that the complainant did not establish "ongoing coordination," which is not the same as a finding that no unlawful coordination had occurred. In Docket 22-04-CD the Commission described evidence suggesting the possibility of unlawful coordination between the groups and "remand[ed] this case to its Executive Director on a non-expedited basis to review whether" the efforts to create legal separation "were legally sufficient." In doing so the Commission noted that complainants did not have a real chance "on such an expedited timeline" to contest testimony by RGA's officials and noted that "[f]urther discovery could be useful in substantiating or disproving" RGA's assertions. In light of this explanation, we do not interpret the Commission's statement that it was "not finding for a violation on an expedited basis" to equate to a finding that no violation occurred, which would have required dismissal under AS 15.13.380(d)(2). Rather, the Commission lawfully declined to make a conclusive decision and exercised its authority to remand for regular proceedings.

We also find unpersuasive RGA's assertion that this process is so unusual, the legislature could not have intended it. The superior court pointed out that AS 15.13.380's provision for expedited hearing followed by regular process is similar to statutes authorizing interim custody orders, short-term protective orders, or preliminary injunctions. RGA is correct that these other procedures are not perfect analogies. But the similarities are enough to rebut RGA's argument that the legislature could not have meant to allow the Commission to undertake regular process if the expedited process yielded inconclusive results.

## V. CONCLUSION

We AFFIRM the superior court's order granting Hebdon's motion for summary judgment and denying RGA's motion for summary judgment.